H. O. HARKNESS, AND ANOTHER, APPELLANTS, v. CHARLES WOODMANSEE, RESPONDENT.

EASEMENT.—PRESCRIPTION.—STATUTE OF LIMITATIONS.—Under sections 3132, 3133, 3137, requiring for an adverse possession that the property claimed adversely should have been enclosed, or cultivated, or used for some useful purpose, such as husbandry, fuel or pasturage, and that in all cases the claimant should have paid the taxes upon the property; *held*, that one who uses land of another merely as a means of exit to a road cannot claim title thereto under the statute of limitations, which provides a term of seven years for perfecting a title by adverse possession.

ID.—ID.—LICENSE.—Wherein a suit brought to establish a right of way, the evidence tends to show that the plaintiffs' use was simply permissive, and that the defendant, the owner of the

| 7 | 227 |
|---|---|
| 16 | 270 |
| d16 | 312 |

| 7 | 227 |
|---|---|
| f22 | 247 |

| 7 | 227 |
|---|---|
| 24 | 363 |
| 24 | 364 |

| 7 | 227 |
|---|---|
| 34 | 208 |

land, was not aware that plaintiffs' were using a way which
the defendant had opened for the use of his own premises,
without causing any damage, it will be held that such use was
simply permissive and not under claim of right.

APPEAL from a judgment and an order overruling a
motion for a new trial of the district court of the first
district.   The opinion states the facts.

*Messrs. Smith and Smith,* for the appellants.

*Mr. N. Tanner, Jr.,* for the respondent.

ZANE, C. J.:

It appears from the evidence in this record that defend-
ant owned a lot with improvements thereon in Ogden
City; that the lot had a north frontage of sixty feet on
Twenty-fourth street, and that it extended south 100
feet, and was bounded on the west by Grant avenue;
that adjoining this lot on the east the plaintiffs own a
lot, with improvements on it, and that they claim a right
of way from their lot to Grant avenue over the south
ten feet of defendant's lot.   The defendant having erected
a building on this ten feet, the plaintiffs filed their com-
plaint, asking the court to decree the removal of it, and
that defendant might be enjoined from obstructing their
right of way.   Upon a hearing of the case the court
found that the plaintiffs had no right of way over defend-
ant's land, and so decreed.   The plaintiffs have brought
the case here by appeal from that decree.

While the public may acquire a right of way over
private property in either of three ways, viz.:   (1) By
condemnation in pursuance of the law of eminent domain;
(2) by dedication; (3) by such continued use as gives a
prescriptive right,—a private way can only be obtained
in one of the two modes last mentioned.   The owner may
expressly set his land apart to be used as a public road

or a private way; and the public in the one case, or the private person in the other, may accept the offer, and complete the dedication. An intent to dedicate must be expressed or implied from language or conduct, and an intent to accept must be expressed or implied from language or conduct, to make the dedication. The right to a public road or private way by prescription arises from the uninterrupted adverse enjoyment of it under a claim of right known to the owner for the requisite length of time. Anciently the right to the easement arose by prescription from the use of the land for so long a time that there was no existing evidence as to when such use commenced. Its origin must have been at a time "whereof the memory of man runneth not to the contrary." Later the rule was changed by limiting the time of uninterrupted possession to twenty years.

Washburn, in his work on Easements, says: "The fiction of presuming a grant from twenty years' possession or use was invented by the English courts in the eighteenth century, to avoid the absurdities of their rule of legal memory, and was derived by analogy from the limitation prescribed by the statute of 21 Jac. I. c. 21, for actions of ejectment, not upon a belief that a grant in any particular case has been made, but on general presumption. * * * This period, unless other provision was made in local statutes of the State in which the questions have arisen, has been assumed to be the term of twenty years. * * * The result has therefore been that the modern doctrine of prescription requires merely a use and enjoyment of at least twenty years, instead of the former requirement of immemorial enjoyment." Washb. Easem. (4th ed.) 125, 126. The rule as to time of use or enjoyment necessary to create a presumptive grant has been further changed by analogy to the periods of limitation for quieting titles to land.

"What shall be taken to be a sufficiently long period of use or enjoyment to create a prescription or presumptive grant in the modern use of the term is understood to correspond with the local period of limitation for quieting titles to land." Id. 148. While the right of the owner of one parcel of land, by reason of such ownership, to use the land of another as a private way, as claimed in this case, is not inconsistent with the general property being in the owner, yet that general property without the use is of but little value. The title to land is of no value with the right to the permanent use in another person or in the public. Therefore all the facts from which the statute of limitations in effect presumes the grant must exist before the right of prescription arises by analogy to such statute. The presumption is in effect the same whether the right is by prescription or by the statute.

The provisions of the seven-years statute of limitations of this Territory, upon which the plaintiffs rely, are as follows: "No cause of action or defense to an action founded upon the title to real property, or to rents or profits out of the same, shall be effectual unless it appears that the person prosecuting the action or making the defense, or under whose title the action is prosecuted or the defense is made, or the ancestor, predecessor, or grantor of such person was seized or possessed of the premises in question within seven years before the commencement of the act in respect to which such action is prosecuted or defense made." "In every action for the recovery of real property or the possession thereof the person establishing a legal title to the property shall be presumed to have been possessed thereof within the time required by law, and the occupation of the property by any other person shall be deemed to have been under and in subordination to the legal title, unless it appear

that the property has been held and possessed adversely to such legal title for seven years before the commencement of the action." "For the purpose of constituting an adverse possession by a person claiming title not founded upon a written instrument, judgment, or decree, land is deemed to have been possessed and occupied in the following cases only: (1) Where it has been protected by a substantial inclosure; (2) where it has been usually cultivated or improved; (3) where labor or money has been expended    *    *    *    for the purpose of irrigating said lands, amounting to the sum of five dollars per acre: provided, however, that in no case shall adverse possession be considered established under the provisions of any section or sections of this Code unless it shall be shown that the land has been occupied and claimed for the period of seven years continuously, and the party or persons, their predecessors and grantors, have paid all the taxes    *    *    *    which have been levied and assessed upon such land according to law." 2 Comp. Laws Utah 1888, §§ 3132, 3133, 3137.

The statute does not, in effect, presume a grant and give the person relying upon it the title from seven years' possession alone. The presumption is made from the fact that the land was held adversely; and to make the holding adverse the land must have been protected by a substantial inclosure, or it must have been usually cultivated or improved, or labor or money must have been expended to irrigate it, amounting to the sum of five dollars per acre. And in either case the occupation and claim must have been continuous for the seven years, and during that time the claimant, his predecessors or grantors, must have paid all taxes levied and assessed upon the land according to law. This statute does not apply to rights of way or any other class of easement by prescription. It can only be applied by analogy. The plaintiffs'

use and enjoyment of the land in dispute, or the facts attending the same, were not such as the statute above quoted required, or their equivalent; hence a prescriptive right cannot arise in favor of the plaintiffs therefrom by analogy thereto.  It is conceded that the use and enjoyment, such as it was, was for less than twenty years, so that period of limitation cannot apply.  The evidence in the record proves that defendant was using the strip of land in dispute as a way to the rear of his own building, that he had gates on it a part of the time; that he maintained a platform on the side next to his building a large portion of the time, which occupied three or four feet of the way; and that his tenant was accustomed to keep a team standing south of the platform, and at such times the entire way was occupied thereby; that defendant also had a privy on the ground a portion of the time.  The evidence tends to establish that the plaintiffs' use was simply permissive, and that defendant was not aware that plaintiffs were using his land under a claim of right. Where a person opens a way for the use of his own premises, and another person uses it also without causing damage, the presumption is, in the absence of evidence to the contrary, that such use by the latter was permissive, and not under a claim of right.  Washb. Easem. 151. The decree of the court below is affirmed.

ANDERSON, J., MINER, J., and BLACKBURN, J., concurred.