HIRAM YEAGER, APPELLANT, *v.* EMMA S. WOOD-RUFF ET AL., RESPONDENTS.

1. *Right to Use Water Ditch on Another's Land—When Permissive.*
   The defendant Wilford Woodruff, the owner of a tract of land adjoining the tract owned by plaintiff's grantor, without any consideration therefor, and with no definite limitation as to time, permitted the latter to extend a ditch on the former's land, and to take water therefrom. *Held*, that the right to the use of the ditch on the land of the defendant Woodruff was permissive, and might be revoked at any time

2. *Adverse Possession—Easement.*

> The possession that will create an easement in another's land by analogy to the statute of limitations must be (1) hostile, under a claim of right; (2) actual; (3) open and notorious; (4) continuous.

3. *Permissive Use—Conveyance—Effect.*

> When the grantor's use of a water ditch on the land of another is permissive, his grantee's possession does not become adverse without a claim of right.

4. *Adverse Possession—Notice of.*

> The use of the ditch for the term of eight years, and the fact that plaintiff repaired it during that time, alone, did not amount to notice of adverse possession. The use of the water and the repair of the ditch were consistent with the license to plaintiff's grantor.

5. *Estoppel in Pais.*

> There can be no estoppel as to defendants where it does not appear that they said or did anything to mislead plaintiff, or that they were present at the time of or knew anything of the transfer of the land to the plaintiff.

(No. —. Decided June 10, 1898.)

Appeal from third court district, Salt Lake county; M. L. Ritchie, *Judge.*

Suit by Hiram Yeager against Emma S. Woodruff and others for an injunction. From a judgment of dismissal, plaintiff appeals. *Affirmed.*

*Goodwin & Van Pelt,* for appellant *(C. S. Varian,* of counsel):

The use of the ditch in question by the plaintiff, openly, peaceably, uninterruptedly and continuously, for a period of seven years, under a claim of right, and to the knowledge of the defendants, established a vested right or easement to the ditch in the plaintiff. Goddard on Easements, 68–69, 258, note G; Black's Pomeroy, 152; Wood on Limi-

tation of Actions, 181; 1 Wood Nuisances, 719; 54 Penna. St. 40; *Close* v. *Samm*, 27 Iowa 503; *School District* v. *Lynch*, 33 Conn. 330; *Thompson* v. *Pioche*, 44 Cal. 517; *Poignard* v. *Smith*, 6 Pick. 172; *Samuels* v. *Borrowscale*, 104 Mass. 210; *Wilson* v. *Williams*, 32 Miss. 488.

The adverse possession of the defendants was of such a character that the plaintiff will be presumed to have known of it. *Key* v. *Jennings*, 66 Mo. 367; *Bushey* v. *Santiff*, 33 N. Y. Sup. 473.

A party must take notice of the existence of a ditch. *Cook* v. *Railroad Co.*, 40 Iowa 451; *Hodgson* v. *Jeffries*, 52 Ind. 334; *Baldock* v. *Atwood*, 26 Pac. 1058; *Water Co.* v. *Richardson*, 14 Pac. 380; *Springville* v. *Fullmer*, 27 Pac. 577; *Talman* v. *Casey*, 13 Pac. 669; *The American Co.* v. *Bradford*, 27 Cal. 360; *McAllister* v. *Pickup*, 50 N. W. R. 556; *Campbell* v. *Shivers*, 25 Pac. 540; *Sparger* v. *Heard*, 27 Pac. 198: *Water Co.* v. *Hancock*, 24 Pac. 645; *Recard* v. *Williams et al.*, 7 Wheat. U. S. 110.

To hold that under the circumstances the plaintiff has no right of way over defendant's land to take his water, would be a monstrous perversion of justice. See also the following authorities: *Smith et al.* v. *Green*, 41 Pac. 1022 (Cal.); *Flickenger* v. *Shaw*, 25 Pac. 268; *Huston* v. *Bybee*, 20 Pac. 51–54 (Or.); *Dalton* v. *Rentario*, 15 Pac. 37 (Ariz.).

The license when executed created a right in property. *Coventon* v. *Seufert*, 32 Pac. 508; *Gregory* v. *Nelson*, 41 Cal. 278.

Again, where money has been expended or improvements made and buildings erected on the faith of a parol license, equity will interpose to prevent a revocation to the injury of the license. *Hazelton* v. *Putnam*, 54 Am. Decis. 165; *LeFevre* v. *LeFevre*, 4 S & Rawle 241; *Hulme* v. *Schreve*, 3 Green N. J. 116; *Dark* v. *Johnston*, 55 Pa. St. 164; Angel on Water Courses, sec. 318, 6th Ed.; *Foster*

v. *Browning*, 67 Am. Decis. 508; *Rhodes* v. *Otis*, 33 Ala. 578; *Cook* v. *Pridgen*, 45 Ga 331; *Beatie* v. *Gregory*, 17 Iowa 109; Rice Real Property 511, and cases cited.

See also observations of Mr. Justice Cooley, in *Maxwell* v. *Bay Co.*, 41 Mich. 453; Kent's Com., vol. 3, 452.

To prevent the practicing of a fraud upon the licensee, the doctrine of equitable estoppel is applied. *DeGraffenried* v. *Savage*, Colo., 47 Pac. 903; *Veghte* v. *Raritan & Co.*, 4 C. E. Green 153; Angel on Water Courses, sec. 326 *et seq.*

*F. S. Richards* and *Le Grand Young*, for respondents:

His use being merely permissive, and consistent with respondents' title, could never ripen into a title by adverse possession, however long continued. 1 Am. & Eng. Enc. of Law (2d Ed.) p. 794, and cases cited in note. *Harvey* v. *Tyler*, 2 Wall. 328; *Lowndes* v. *Huntinyton*, 153 U. S. 1; *Kirk* v. *Smith*, 9 Wheat 241, 288; *Chance* v. *Branch*, 58 Tex. 493; *Butler* v. *Bertrand*, 97 Mich. 59; *Luce* v. *Carley*, 35 Am. Dec. (N. Y.) 637.

A licensee's possession is always permissive. *Devyr* v. *Schaefer*, 55 N. Y. 446; *Dean* v. *Tucker*, 58 Miss. 487.

Irrevocable licenses are such as are coupled with a grant. 6 Am. & Eng. Enc. of Law (1st Ed.) 141; Washburn on Easements, pp. 6, 27, 29; Goddard on Easements, 469.

To support a prescriptive right a grant must be presumed. Goddard on Easements, 157.

Possession of one who enters on land with the consent of the owner is not adverse to the owner, and cannot ripen into a valid title by lapse of time. 1 Am. & Eng. Enc. of Law (2d Ed.) p. 798, and cases there cited; Am. Digest (Century Ed.) vol. 1, p. 2239, and cases there cited; *Millett* v. *Lagamarsino*, 38 Pac. (Cal.) 308; *McClaskey* v. *Barr*, 42 Fed. 609; *Williams* v. *Cash*, (Ga.) 73 Am. Dec.

739; *Rigg* v. *Cook*, (Ill.) 46 Id. 462; *Martin* v. *Jackson*, (Pa.) 67 Id. 489.

Claim or color of title is necessary. Possession or use without claim of title can afford, from mere lapse of time, no presumption of right. 1 Am. & Eng. Enc. of Law (2d. Ed.) p. 795, and cases cited in note; Am. Digest (Cent. Ed.) vol. 1, pp. 2239 and 2334; note to *Ricard* v. *Williams*, 7 Wheat, Book 5, Lawyers' Co-op. Ed. p. 398.

Adverse possession cannot be set up by the licensee of privilege of abutting a dam on the licensor's land, or by a purchaser from such licensee with or without notice, so as to ripen such privilege into a right. *Luce* v. *Carley*, 35 Am. Dec. (N. Y.) 637, cited in *Howard* v. *Howard*, 17 Barb. 668; *Borden* v. *R. Co.*, 5 Hun 185.

No prescriptive right or title has been acquired by appellant. *Harkness* v. *Woodmansee*, 7 Utah 227; *N. P. C. Irrigation Co.* v. *Canal Co.*, 52 Pac. 174.

"There can be no estoppel or even waiver by silence, except under such circumstances where it becomes the duty of the party to speak." 2 Herman on Estoppel, sec. 937, and cases cited; *Knoedler* v. *Glaenzer*, (C. C. A.) 55 Fed. 895, 901; *Bramble* v. *Kingsbury*, 39 Ark. 131; *Diffenbach* v. *Vogeler*, 61 Md. 370; *Bull* v. *Rowe*, 13 S. C. 355; *Mills* v. *N. J. Cent. R.*, 41 N. J. Eq. 1.

Silence alone would not have that effect unless it were in itself fraudulent. Herman on Estoppel, sec. 963; *Turner* v. *Coffin*, 12 Allen 401; *Russell* v. *Maloney*, 39 Vt. 584; *Andrews* v. *Lyon*, 11 Allen 350; *Kuhl* v. *Mayor*, 23 N. J. Eq. 84; *Plumer* v. *Lord*, 9 Allen 457; *Davis* v. *Davis*, 26 Cal. 42.

ZANE, C. J.:

The plaintiff filed his complaint in the lower court, in which he prayed a writ of injunction, requiring the de-

fendants to remove certain obstructions placed by them in an irrigation ditch described, and enjoining them from obstructing the flow of water through the same to plaintiff's land. The case was heard by the court on the pleadings and proofs submitted by the respective parties, and dismissed, with costs to defendants. The plaintiff has brought the case up on appeal.

It appears from the record that in 1880, and for many years prior thereto, Wilford Woodruff owned two lots of ground, of five acres each, bounded on the west by East Fourth street, on the east by East Fifth street, on the south by South Eleventh street, and on the north by a five-acre tract owned by Asman Woodruff, his brother; that Henry A. Woodruff, a son of Asman, was cultivating his father's land, and rented his uncle Wilford's lot; that Asman's land was irrigated by means of ditches running east and west on the south side of his lot, connecting with ditches on its east and west sides from Parley's Canyon creek; that, from a ditch on the south side of the land, Wilford had constructed one north about two-thirds of the distance to his north line, from which he irrigated a portion of his land; that Henry, thinking it would be more convenient to irrigate a portion of his father's land from the last-named ditch, requested the privilege of extending it for that purpose; that Wilford said it would make no difference to him as long as it did not interfere with anything; that the privilege was temporary; that Henry thereupon extended the same, and irrigated a portion of his father's land in that way; that, in the fall of 1884, Asman conveyed the land to plaintiff, and nothing was said about the use of the ditch across Wilford's land; that nothing was said between the appellant and Wilford about the matter until June, 1892, when his grantees partitioned their land, and constructed a new ditch between

them, six rods west of the old one, in a street contemplated by a new survey. This new ditch they substituted for the old one, and offered to allow the plaintiff to take irrigating water through it. They then filled up the old one. This offer the appellant refused to accept.

The plaintiff had been irrigating his land from the old ditch more than seven years before it was obstructed, and he claims a right by prescription to continue to do so. He relies upon section 2780, Comp. Laws Utah 1888, which reads: "A right to the use of water for any useful purpose, such as for domestic purposes, irrigating lands, propelling machinery, washing and sluicing ores, and other like purposes, is hereby recognized and acknowledged to have vested and accrued, as a primary right, to the extent of, and reasonable necessity for, such use thereof, under any of the following circumstances: (1) Whenever any person or persons shall have taken, diverted and used any of the unappropriated water of any natural stream, water course, lake or spring, or other natural source of supply. (2) Whenever any person or persons shall have had the open, peaceable, uninterrupted and continuous use of water for a period of seven years." This section provides (1) for the acquisition for useful purposes of the primary right to the use of unappropriated waters of natural sources of supply; (2) the acquisition of the superior right by the open, peaceable, uninterrupted, and continuous use of water for the period of seven years. This use is not expressly required to be adverse. The plaintiff in this case insists upon something more than the use of water. He claims the right to maintain a ditch across the defendants' land in which to convey water to his. He claims the exclusive and permanent possession and use of a portion of defendants' land for a ditch in which to convey water for his use on

his own land. He claims an easement in defendants' land,—the use of as much of it as the old ditch necessarily occupied, with the right to go upon the land to keep it in repair. And he insists that he occupied the defendant's land with the old ditch, through which he took irrigation water, under circumstances analogous to those required to secure title to land under the statute of limitations. This involves the necessity of an examination of that statute.

Section 3132, Comp. Laws Utah, 1888, requires seizure or possession of the property by the person prosecuting the action or making the defense, or his ancestors, predecessors, or grantors, within seven years before the commencement of the action. And section 3133 declares that, unless the property was held adversely to the legal title for seven years before the action, it shall be presumed to have been held in subordination to it. The proviso to section 3137 declares "that in no case shall adverse possession be considered established under the provisions of any section or sections of this Code unless it shall be shown that the land has been occupied and claimed for the period of seven years continuously, and the party or person, their predecessors and grantors, have paid all the taxes * * * levied and assessed upon such land according to law." No taxes having been assessed on the alleged right of way, the circumstances of this case might be regarded as sufficiently analogous to those required by the statute to give plaintiff a right to an easement by prescription if his possession and use of the ditch were under a claim of right and title in himself known to the defendants. It appears from the evidence that Asman Woodruff did not make any claim to an easement. His use of the water from the ditch was permissive. He paid nothing for it, nor did the plaintiff. Plaintiff never spoke to Wilford

Woodruff about the use of the water. The use of the ditch and the water must be regarded as permissive.

An adverse possession that will bar a legal title must be (1) hostile, under a claim of right; (2) actual; (3) open and notorious; (4) continuous. 1 Am. & Eng. Enc. Law, 795. The right given Asman Woodruff to extend his brother's ditch and take water through it to irrigate his land, was without any consideration, and was a mere license, which the latter had the right to terminate at any time. *Kirk* v. *Smith*, 9 Wheat. 241; *Harvey* v. *Tyler*, 2 Wall. 328; *Butler* v. *Bertrand*, 97 Mich. 59; *Hazelton* v. *Putnam*, 54 Am. Dec. 158. The conveyance of the land by Asman Woodruff to the plaintiff did not make the possession and use of the water and ditch by him, without a claim of right as against the owner of the land, adverse.

The use of the ditch for the term of eight years, and the fact that plaintiff repaired it during that time, alone, as shown by the evidence, did not amount to notice of adverse possession. There should have been a claim of adverse right. The use of the water and the repair of the ditch were consistent with the license to plaintiff's grantor. *Cameron* v. *Chicago*, (Minn.) 61 N. W. 814.

It is also urged that Wilford Woodruff is estopped from denying appellant's claim to the use of the old ditch because of his conduct. It does not appear that he said or did anything to mislead appellant. The appellant saw when he bought his land that the ditch was on Wilford Woodruff's land, and he should have inquired by what right it was used for the benefit of the land he purchased. If appellant had inquired of Woodruff, the owner of the land on which the ditch was located, as to his right to use the ditch, and the owner had said or done anything to mislead him as to his rights, the case would be quite dif-

17 UTAH—24

ferent. It does not appear that Wilford Woodruff was present when appellant purchased his land, or that he knew of the transaction. The facts are not such as to create an estoppel in pais, or otherwise. *Turner* v. *Coffin*, 12 Allen, 401; 2 Herm. Estop. & Res. Jud. §§ 937, 938. The judgment of the court below is affirmed.

MINER, J., concurs in the judgment except with reference to the holding under section 2780. HART, district judge, concurs.