[Civ. No. 960. Third Appellate District.—September 6, 1912.]

HARRON, RICKARD & McCONE, a Corporation, Appellant, v. JOHN SISK, Respondent.

SALE OF ENGINE—DISTINCTION AS TO IMPLIED WARRANTY.—In an action involving a breach of warranty upon the sale of an engine of a specified type, in which it was urged that there was no implied warranty that the engine would do the work required of it, inasmuch as the purchase was of a well-known staple article from a seller who was not a manufacturer, it is held that there is a clear distinction between such a transaction and the case where the purchaser relies upon the judgment of the seller for the selection or manufacture of an article suitable and adequate for a certain purpose, and that this distinction is based upon authority, and accords with section 1763 et seq. of the Civil Code.

ID.—BREACH OF EXPRESS WARRANTY—EXTENT OF POWER OF ENGINE—ACTION FOR UNPAID PRICE — DEFENSES — RESCISSION — DAMAGES—SUPPORT OF VERDICT.—In an action to recover the unpaid price upon the sale of such engine, which appears to have been sold under an express warranty that it was a forty-horse power "Foos" type horizontal engine, under which $400 had been paid upon the price, the

defendant may show a breach of such express warranty, and set up as defenses a prompt rescission for such breach, and an offer to return the engine, and claim a judgment for the part of the price paid, and also a claim for damages for breach of such warranty. It is held that if there is sufficient evidence to support the verdict upon either theory it will be sustained upon appeal.

ID.—RIGHT OF ELECTION OF BUYER—CODE REMEDIES.—The buyer may either rescind for the breach of the warranty, or claim damages for such breach, or rely upon the breach of the warranty when sued for the price. The breach of an express warranty upon a sale of personal property comes within the purview of section 1689 and section 1691 of the Civil Code, which authorize rescission or a claim for damages for the breach of an express warranty, and would sanction the plea of such breach, in reduction of damages, in an action brought to recover purchase money.

APPEAL from a judgment of the Superior Court of Stanislaus County, and from an order denying a new trial. L. W. Fulkerth, Judge.

The facts are stated in the opinion of the court.

L. L. Dennett, and Chickering & Gregory, for Appellant.

W. H. Hatton, for Respondent.

BURNETT, J.—The action was brought to recover the balance due for the sale of what was known as a forty-horse power Foos type special horizontal engine. The agreed price was $1,642.50, of which $400 was paid at the time of the purchase. The defense, set forth in varying phraseology, is based upon the claim of a breach of warranty. The action was tried before a jury and a general verdict rendered for defendant in the sum of $400. The appeal is from the judgment and the order denying a motion for a new trial.

The first contention of appellant worthy of notice is that there was no implied warranty that the engine would do the work required of it. This proposition of law is urged by reason of the fact that the purchase was of a certain specified, well-known, staple article, from a seller who was not the manufacturer. There is a clear distinction between such transaction and the case where the purchaser relies upon the judgment of the seller for the selection or manufacture of an article suitable and adequate for a certain purpose. There

are many decisions upon the subject, among which is the carefully considered opinion of the supreme court of Kansas in the case of *Ehrsam* v. *Brown,* 76 Kan. 206, [15 L. R. A., N. S., 877, 91 Pac. 181], which may be consulted with profit. This diversity is also recognized by the provisions of our Civil Code found in section 1763 et seq.

This feature of the discussion, however, may be dismissed, as respondent claims the breach of an express warranty contained in the following language of the contract of sale: "Guarantee: All Foos Engines are guaranteed to deliver their rated horse power at sea-level." Respondent's position is that the engine fell far short of this requirement, and that hence there was a substantial failure of consideration as set forth for a defense in the answer to the complaint. This is the occasion for the assertion of appellant, admittedly sound, that "defendant can recover, if at all, only upon showing some defect in the engine in question, which constitutes a breach of such warranty." And herein it is declared that "there is no evidence before the court that the engine in question was not what it claimed to be and did not actually deliver forty-horse power. The sole defect in the engine complained of is directed to the clutch." As to this we do not think it can be maintained that there is no substantial evidence from which a reasonable inference can be drawn that the engine was materially defective. It may be admitted that the evidence as to the infirmity of the clutch is more persuasive than that in reference to the engine proper, but in consideration of all the circumstances as we must view them, it is believed that the jury were warranted in the conclusion that there was a breach of appellant's guaranty. In this connection attention is called by respondent to the following facts disclosed by the record: In 1908 defendant used the same separator to thresh grain, and the power was furnished by a twenty-five horse-power gasoline engine, which furnished all the power that was needed. The work done then was the same kind of work and under similar conditions as that attempted in 1909 with the use of the engine in question. After this "Foos" engine was received defendant employed a crew of men to carry on threshing operations. He did all in his power to have the engine furnish the necessary horse-power to operate his separator. He tried for twelve days to make

the engine furnish sufficient power for this purpose, but he did not succeed, and he testified that it could not be made to furnish sufficient horse-power to run his separator and enable him to conduct his threshing operations. He further declared that during said twelve days everything possible and everything necessary was done to cause the engine to deliver forty-horse power, but the engine would not and did not furnish it or sufficient power to run his separator. From the cross-examination of defendant's witnesses and from the testimony offered by plaintiff it could be and it has been plausibly argued that the failure of the engine to furnish sufficient power for the purpose intended was due to the inability of the clutch and pulley to carry it to the separator, and not to the want of development of the power, but, as we view it, the other inference is not unreasonable that the engine itself was incapable of measuring up to the guaranteed efficiency.

Assuming, then, support for the asserted breach, what redress is open to defendant? He may undoubtedly set up either or both of two defenses: first, a rescission with its resulting restoration, and second, damages that he has suffered for the violation of the contract. It is undoubtedly true that the fact that the buyer has a right to rescind does not compel him to resort to that remedy. He may still, if he so elect, and if the contract does not expressly confine his remedy to a rescission, affirm the sale and maintain an action on the warranty for damages, or rely upon the breach of the warranty when sued for the price. (30 Am. & Eng. Ency. of Law, 195.) In some jurisdictions rescission is not allowed except for fraud, and, in others, a distinction is made between executed and executory contracts. (Id., 190.) In this state the statute designates the grounds for rescission and provides how it may be effected. (Civ. Code, secs. 1689, 1691.) One of these grounds is the failure of the consideration in whole or in part, and it is well settled that the breach of an express warranty in sales of personal property comes within the purview of this provision and authorizes rescission or claim for damages. In *Polhemus* v. *Heiman,* 45 Cal. 579, involving the sale of wool with an express warranty that it should not be in an unmerchantable condition by reason of dirt and burrs, the supreme court said: "Having a warranty, the defendants were not required to return or offer to return

the wool. If it was not what it was warranted to be they might have done so, and thus have rescinded the contract, but they were at liberty to retain it and bring an action for the breach of the warranty, or plead the breach in reduction of damages in any action brought by the vendors for the purchase money.''

In *Hoult* v. *Baldwin,* 67 Cal. 610, [18 Pac. 440], in an action to recover the purchase price of a harvesting machine, the defendant set up a warranty of the machine, a breach of the warranty and a prompt offer to return the machinery to the plaintiffs after he discovered its insufficiency. The supreme court said: ''Having taken the machine, then, under a warranty, whether it be that expressed in the writing or provided by the code, or both, the defendant had the right, if there was a breach of the warranty, that is, if in any respect the machine was not what it was warranted to be, to rescind the sale by returning or offering to return it to the plaintiffs.''

The familiar requirement of the code (Civ. Code, sec. 1691) is that the one seeking to take advantage of its provisions must rescind promptly, upon discovering the facts which entitle him to rescind, and he must restore to the other party everything of value which he has received from him under the contract, or must offer to restore the same, upon condition that such party shall do likewise. By the allegations of his answer there is no doubt defendant brought himself clearly within the terms of the statute. It appears that on the thirteenth day of July, he received the engine; that, about ten days later, he attempted to operate it, and continued his trial for two weeks without success; that, on or about the 10th of August, he informed plaintiff of the failure of the engine to deliver the required power; that, on or about the 20th of August, plaintiff removed from the engine the friction clutch and did not return it; that, on or about the 30th of August following, the defendant in writing informed and notified plaintiff of his rescission of the contract. It is true that in his written notice he demanded the payment of the amount of damages caused by the failure of the engine, in addition to the return of the $400, but this was not made a condition precedent to the redelivery of the engine, the notice stating: ''The engine is here at your disposal''; and ''I hereby offer to return to you the engine and all accessories

thereof and everything connected therewith received by me from you which has not already been returned to you." This written offer is admitted by appellant to have been received and, upon the assumption of a breach of warranty, the offer was sufficient to place appellant in default and to authorize the restoration of the parties to their former position. This, of course, would include the return to defendant of the $400 paid as part of the purchase price of the engine.

As we look at the record, then, impressed with all the intendments in favor of the action of the jury and the court below that the law enjoins, we find a sale under an express warranty, the payment of part of the purchase price, a breach of the warranty, a prompt rescission of the contract after the discovery of the failure of the consideration, and a verdict and judgment in favor of the purchaser for the return of the money paid. Appellant's answer is that "an issue of rescission was not made," and, furthermore, in the closing brief, that "Under the issues as tried in this case, and as made by the pleadings, the action to rescind was abandoned and defendant relied upon his claim for damages for breach of warranty." But we do not so read the record. Both defenses were set up, as they might well be, and if upon either theory we find sufficient legal support for the verdict, the result must be an affirmance. It is true that the attention of the court and jury seems to have been occupied largely with the consideration of the claim for damages, and the instructions are devoted entirely to that theory, but there was no necessity for proof of the rescission in view of the admission in appellant's pleading, and the absence of any instructions on the subject of rescission is probably due to explanations and admissions in the argument. At any rate, while it is doubtful whether there is sufficient evidence to support the verdict upon the theory of an affirmance of the contract, it is believed that it is not unsupported upon the other ground.

It is assumed that defendant will not attempt to withhold the engine from appellant if it has not already been restored. None of the alleged errors, most of which, indeed, affect the theory of damages, can be held sufficiently erroneous to overthrow the verdict, sustainable, as we believe it is, on the

hypothesis that the contract of sale was rescinded for breach
of warranty.

The judgment and order are affirmed.

Chipman, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court,
after judgment in the district court of appeal, was denied by
the supreme court on November 4, 1912.