## LUNT et al. v. KITCHENS et al.

No. 7871. Decided Aug. 3, 1953. (260 P. 2d 535.)

See 28 C.J.S. Easements, sec. 70. Easement, consent to adverse user as affecting validity of. 17 Am.Jur., Easements, sec. 65; 5 A.L.R. 1325.

*Richards & Bird* and *Dan S. Bushnell,* Salt Lake City, for appellants.

*Gaylen S. Young* and *Wesley G. Howell,* Salt Lake City, for respondents.

McDONOUGH, Justice.

This is a suit brought by a landowner to have defendants enjoined from using a driveway on her property. Defendants entered a counterclaim to have an easement by prescription declared in them. The lower court found that defendants and their predecessors in interest had used the claimed right of way openly, adversely, continuously, uninterruptedly, and under claim of right for a period of more than twenty-five years and granted the counterclaim. Plaintiffs appeal.

Appellant Lunt, the original plaintiff, is the owner of property located at 418 East Fourth South in Salt Lake City; appellant Strasser was joined as party plaintiff when his interest under a contract of sale with plaintiff Lunt appeared. Appellant's predecessor in interest, Carrie E. Weidner, and her husband were owners in possession of the property when respondents' predecessor in interest, Willie Ann Kitchens, bought and occupied the property to the west of the Weidner property, known as 414 East Fourth South, in the year 1920. There is no evidence in the record of an adverse user or claim to use the driveway on the Weidner property between the two houses before that time. The two families, the Weidners and the Kitchens, lived in accord and there is in evidence a showing on both sides of complete harmony and friendship. There were never any objections as to the use of the driveway by the Kitchenses for delivery of coal and wood to the coal shed on the east side of their property, for parking their cars, and for foot passengers. The Weidners also used the driveway, although probably to a lesser extent since their family was smaller.

In 1934, Mrs. Weidner executed a warranty deed to her entire property to her children, Fred E. Weidner and Bessie Evelyn Ferguson. In 1936, she executed a quit-claim deed to the driveway, a strip 10 feet wide and 99 feet deep, to her friend, Mrs. Kitchens. Respondents do not claim under this abortive attempt to convey a right of way, nor do they say that this deed originated their claim of right beginning their adverse use, but rather that this deed was a recognition of a valid claim in the respondents. The only evidence of challenge and dispute over the driveway appears in 1946, when Clarence James Evans, a tenant of the Weidners, placed a gate across the driveway and George Kitchens took it down.

The question here involved is whether there is sufficient evidence of adverse user for a period of twenty years to sustain the trial court's finding of a prescriptive easement.

In order to settle rights in land to the benefit of the persons profitably using the land and to avoid the impossible burden of proving an ancient, actual grant to use the property, the courts of this country early adopted the legal fiction of a lost grant, whereby proof of continuous use for the prescriptive period, openly and with knowledge of the landowner, was sufficient to raise a presumption of grant, which in effect was a positive rule of law.[1] The fact that the grantor with knowledge of such use, makes no protest against it is proof of his recognition of a claim of right in the grantee. In other words, it is conclusively presumed from the landowner's acquiescence for the defined period of time in the other's user of his land, he having the right and power to stop such user, that it is a rightful user. *Tiffany on Real Property*, §§ 1191-1196. If, of course, the landowner consents to the use of his land, then the right created is a license and a prescriptive right cannot arise from a license unless the licensee renounces openly his claim under the license.

This court has defined the difference between consent and acquiescence in *Zollinger* v. *Frank*, 110 Utah 514, 175 P.2d 714, 170 A.L.R. 770. The distinction, we said, lies in whether the use was "against" the owner or "under" the owner, regardless of whether the use is described as peaceable, hostile, adverse to, or as acquiesced in by the servient owner. Because of the presumption that the use of another's land is adverse to him, the owner has the burden to show that the use was under his permission as distinguished from against it. *Cache Valley Banking Company* v. *Cache County Poultry Growers Association*, 116 Utah 258, 209 P.2d 251. *Big Cottonwood Tanner Ditch Company* v. *Moyle*, 109 Utah 197, 159 P.2d 596. *American Law Institute, Restatement of Property*, § 458d.

However, it is obvious that where a special relationship such as a license exists, the owner of the land is entitled to

[1]See *Harkness* v *Woodmansee*, 7 Utah 227, 26 P. 291.

more notice than the mere use of his land not inconsistent with the license. Thus it is said in the Restatement of Property § 458j

"Where a user of land and one having an interest affected by the use have a relationship to each other sufficient in itself to justify the use, the use is not adverse unless knowledge of its adverse character is had by the one whose interest is affected. The responsibility of bringing this knowledge to him lies in the one making the use."

In other words, the presumption of adversity will not arise under mere use by a licensee and knowledge of such use on the part of the licensor. *Yeager* v. *Woodruff*, 17 Utah 361, 53 P. 1045. The use cannot be adverse when it rests upon license or mere neighborly accommodation. *Jensen* v. *Gerrard*, 85 Utah 481, 39 P.2d 1070. *Sdrales* v. *Rondos*, 116 Utah 288, 209 P.2d 562.

The failure of the Weidners to object to the use of their property by the Kitchenses in the case at hand must have been because of an implied consent in order to accommodate their neighbors. The use by the Kitchenses added no burden to the driveway; they did not attempt to widen it, nor to interfere with the use by the Weidners. Where a person opens the way for use of his own premises and another uses it without interfering with the landowner's use or causing him damage, the presumption is that the use was permissive and in absence of proof to the contrary, the person so using it does not acquire a right of way by prescription. *Harkness* v. *Woodmansee*, supra; *Cache Valley Banking Company* v. *Cache County Poultry Growers Association*, supra. Since the use is presumed to have been with consent in 1920, unless respondents in the present case have presented sufficient evidence to show that it became adverse and that the claim of use against permission was known to the Weidners, the decree of the lower court must be reversed.

An unsigned will by Mrs. Weidner and the quit-claim deed to the driveway indicate her intent to give the right

of way to Mrs. Kitchens, but obviously these were insufficient to convey any interest. They each would present adequate knowledge of an adverse claim necessary to start the running of a prescriptive period under these circumstances, but the will was dated 1935 and the deed was delivered in 1936 and the necessary 20 years and had not accrued when this action was filed in 1950.[2] Respondents claim that the will and deed are recognition of the claim which had existed previously, but the interpretation that these documents were an attempt to make a gift of property in which the donor recognized only her own interest is more plausible.

When the driveway became muddy and rutty, the Kitchenses repaired it by dumping ashes in the roadway. If the Kitchenses claimed an easement, they would be interested in keeping the premises in repair, but also their repairing would not be inconsistent with duties under a license, particularly in view of the fact that no great amount of money or labor was expended and no major repairs were made. In the case of *Zollinger* v. *Frank,* supra, this court considered evidence of replacement of a bridge along with other evidence of a claim to an easement, but in that case the landowner notified the claimant that the bridge was down, implying acknowledgement of claimant's easement. On the other hand, use of a ditch for the necessary period plus continuous repairs did not amount to notice of adverse possession where such activity was consistent with a license in *Yeager* v. *Woodruff,* supra. So it is in the present case.

The fact that, as witness for the respondents testified, the driveway was used "constantly as ours [the Kitchenses]" is also insufficient to give notice to a licensor of an adverse claim. The tearing down of a gate erected by the Weidner's tenant, of course, would give actual notice of a claim of right, but this act did not occur until 1946.

---

[2]*Harkness* v. *Woodmansee,* supra; *Morris* v. *Blunt,* 49 Utah 243, 161 P. 1127; *Bolton* v. *Murphy,* 41 Utah 591, 127 P. 355.

This case is similar to that presented in *Cache Valley Banking Company* v. *Cache County Poultry Growers Association*, supra, wherein there was no evidence of communication between the adjoining owners as to the usage of the way, no permission was expressly sought nor ■ claimed and none was expressly given or denied. No evidence was introduced contrary to the premise that this usage was with permission and not against it; in fact, the plaintiff, as in the present case, produced evidence that defendant considered the use permissive and not adverse. This court found no adverse claim. Where the use begins as permissive, as it does here under the presumption of *Harkness* v. *Woodmansee*, supra, it is incumbent upon the party asserting that it has afterward become adverse to show at what point this occurred in order to show a twenty-year hostile period.

"We are not justified in conjecturing as to when or if such a hostile period began." *Savage* v. *Nielsen,* 114 Utah 22, 197 P.2d 117, 124.

The respondents have not introduced evidence of a claim of right renouncing the use of the driveway under permission nor have they met their responsibility of showing actual knowledge of the claim on the part ■ of appellant's predecessors to rebut the presumption that the use continued with the permission of the landowner. The findings and decree of the trial court cannot be sustained on the facts and evidence adduced and must be set aside. The decree is reversed and the case remanded to the lower court with instructions to enter a decree in conformity with the views herein expressed.

Costs to appellant.

WOLFE, C. J., CROCKETT, HENRIOD, and WADE, J.J., concur.