387 P.2d 94

**Harriet RIPPENTROP, Plaintiff and Appellant,**

v.

**Minnie C. PICKERING, Defendant and Respondent.**

**No. 9896.**

Supreme Court of Utah.

Dec. 2, 1963.

------♦------

Milton A. Oman, Salt Lake City, for appellant.

Gustin, Richards & Mattsson, Salt Lake City, for respondent.

HENRIOD, Chief Justice.

Appeal from a judgment dismissing a complaint on grounds the evidence did not sustain an averment that plaintiff had acquired title to or an easement in a driveway by marshalling the title and use of predecessors. Affirmed.

For over half century the drive appeared to have been used by adjoining owners, all of whom claimed title to their respective properties through a common grantor, and all of whom, and their predecessors in title, belonged to the same family, until 1959, when the north tract was sold to plaintiff, who brought this action. Before that date, there is no evidence of anything but a cordial family use of the drive, as ordinarily would be the case with kinfolk. Any presumption as to adverse user for more than 20 years [1] seems clearly to have been dispelled by evidence of permissive, neighborly use.[2]

The metes and bounds descriptions reflected in the abstracts of title were not destroyed by procedure or proof in this case, but on the contrary the record supports the trial court's conclusion that any use of the subject drive, looking at the record favorably to appellant, was not adverse and consequently defendant's record title remained inviolate. We think that after review thereof, we are constrained to and do hold that our pronouncements in Lunt v. Kitchens [3] and the authorities therein cited, pertinently and significantly are dispositive of this, a very similar case.

McDONOUGH, CALLISTER, CROCKETT, and WADE, JJ., concur.

1. Zollinger v. Frank, 110 Utah 514, 175 P.2d 714, 170 A.L.R. 770 (1947).

2. Lunt v. Kitchens, 123 Utah 488, 260 P. 2d 535 (1953); Property Restatement, Sec. 458j.

3. Ibid.