*This opinion is subject to revision before final publication in the Pacific Reporter*

**2018 UT 47**

IN THE

## SUPREME COURT OF THE STATE OF UTAH

ROBERT L. JUDD III,
and CHARLES L. ALLEN,
*Petitioners and Cross Respondents,*

*v.*

DAVID BOWEN,
*Respondent and Cross Petitioner.*

No. 20170431
Filed August 29, 2018

On Certiorari to the Court of Appeals

Third District, Salt Lake
The Honorable Su Chon
No. 110917049

Attorneys:

Bruce J. Nelson, Joseph C. Rust, Jeffery S. Williams, Salt Lake City,
for petitioners

Michael D. Zimmerman, Clemens A. Landau, Salt Lake City, for
respondent

CHIEF JUSTICE DURRANT authored the opinion of the Court, in which
ASSOCIATE CHIEF JUSTICE LEE, JUSTICE HIMONAS, JUSTICE PETERSEN
and JUDGE DAVIS joined.

Having recused himself, JUSTICE PEARCE did not participate herein.
DISTRICT COURT JUDGE LYNN W. DAVIS sat.

CHIEF JUSTICE DURRANT, opinion of the Court:

### Introduction

¶1 After decades of amicable use of a circular driveway touching adjacent cabins, two families now dispute whether an easement by prescription exists. The Judd family maintains that it has a prescriptive easement to the entire driveway for access and

parking purposes. The Bowen family argues that any use of the driveway by the Judds came through the Bowens' permission and so no prescriptive right exists. After a four-day bench trial, the trial court granted the Judds a prescriptive easement for both access and parking purposes. On appeal, the court of appeals affirmed the easement for access, but limited its scope. It also reversed the easement for parking. We exercised our certiorari authority to determine what appeared to be important questions over the correct standards for establishing prescriptive rights. But after briefing and oral argument, it is clear this is not a case suitable for certiorari review.

¶2　Under rule 46 of the Utah Rules of Appellate Procedure, certiorari is generally proper when the court of appeals has rendered a decision that (1) is in conflict with a prior court of appeals decision or a decision of this court, (2) has "so far departed from the accepted and usual course of judicial proceedings" so as to require our supervision, or (3) has "decided an important question of . . . law" which should be settled by this court. Because these considerations are not present in this case, we hold that we improvidently granted certiorari.[1]

**Background**

¶3　This case involves a dispute over the use of a century-old circular driveway (Driveway) that sits between two adjacent cabins in Big Cottonwood Canyon. One cabin is owned by the Bowens, and the Driveway is located almost entirely on their property. The other cabin belongs to the Judds. For almost a century, both families used the Driveway in an amicable manner. But in 2008, a Judd user, for the first time, refused to move a vehicle off the Driveway at the Bowens' request. The Judds claimed they had a prescriptive right to access and park on the Driveway arising from their historical use of the Driveway. Shortly thereafter, the Bowens erected gates and other barricades to limit the Judds' access to the Driveway and informed the Judds that they could no longer use the Driveway "absent a court order."

¶4　Robert Judd III and Charles Allen (collectively, the Judds) filed a suit against David Bowen in 2011 to establish a prescriptive

---

[1] We have simultaneously issued a companion order dismissing certiorari.

right to use the Driveway for ingress, egress, and parking purposes. A four-day bench trial was held where the trial court heard testimony from over twenty witnesses about the historic use of the Driveway.

¶5 The trial court ultimately concluded that the Judds had a right to a prescriptive easement for "reasonable access and parking purposes" because the Judds' use had been "open and notorious," "under a claim of right," "adverse," and continuous for a twenty-year prescriptive period. But the trial court did not make findings regarding, among other things, the exact date the prescriptive easement was established or to provide the exact parameters of that easement. The Bowens timely appealed. Neither party challenged the sufficiency of the trial court's factual findings on appeal.

¶6 On appeal, a majority panel of the court of appeals held that the trial court correctly granted the Judds a prescriptive easement on the Driveway for access, but not for parking.[2] Specifically, the court concluded that the trial court's findings of fact reasonably supported its conclusion that the Judds' use had been continuous, open, and adverse for twenty years.[3] Additionally, it held that the historic parking use the Judds sought could not be established through prescriptive easement, because the parking right closely resembles a possessory right that must be established through an adverse possession analysis.[4] In deciding this issue, the court of appeals relied upon this court's precedent in which we distinguished between rights established through prescription and adverse possession.[5]

¶7 Both parties submitted a petition for certiorari to this court, which we granted. In their petition, the Bowens claimed the court of appeals endorsed an incorrect legal standard for finding prescriptive easements. The Judds argued that the court of appeals had ventured into uncharted territory in determining that the parking easement

---

[2] *Judd v. Bowen*, 2017 UT App 56, ¶ 68, 397 P.3d 686.

[3] *Id.* ¶ 15.

[4] *Id.* ¶¶ 41–44.

[5] *See id.* ¶¶ 41, 44 (quoting *Nyman v. Anchor Dev., L.L.C.*, 2003 UT 27, ¶¶ 17–18, 73 P.3d 357).

must be established through adverse possession rather than prescription. We ultimately granted certiorari to answer what appeared to be important and unsettled legal questions in the prescriptive easement arena. We have jurisdiction to hear this case pursuant to section 78A-3-102(3)(a) of the Utah Code.

## Standard of Review

¶8    We granted certiorari on three issues: (1) whether the court of appeals erred in its construction and application of the elements of the legal standard for establishing a prescriptive easement for access; (2) whether the court of appeals erred in reversing the trial court's grant of a prescriptive easement for parking to the Judds; and (3) whether the court of appeals erred in its ruling concerning the scope of the easement. "The ultimate determination of whether an easement exists is a conclusion of law, which we review for correctness."[6] But such a determination is "the type of highly fact-dependent question, with numerous potential fact patterns, which accords the trial judge a broad measure of discretion when applying the correct legal standard to the given set of facts."[7] This means an appellate court should "overturn the finding of an easement only if [it] find[s] that the trial judge's decision exceeded the broad discretion granted."[8]

## Analysis

¶9    In their petition for certiorari, the Bowens argued that the court of appeals erred in "affirm[ing] the district court's use of incorrect legal definitions for the[] various elements [of a prescriptive easement] and erroneously concluded Judd was entitled to a prescriptive easement." Conversely, the Judds argued that the court of appeals' pronouncement that "a prescriptive parking easement is more akin to adverse possession than it is to a prescriptive access easement" is "the first ruling of [its] kind in the State of Utah" and requires "better definition and guidance." They also argued that the court of appeals erred in curtailing the scope of

---

[6] *Carrier v. Lindquist*, 2001 UT 105, ¶ 11, 37 P.3d 1112.

[7] *Valcarce v. Fitzgerald*, 961 P.2d 305, 311 (Utah 1998).

[8] *Id.* As we noted in *Coulter & Smith, Ltd. v. Russell*, "[o]n a writ of certiorari, we review the decision of the court of appeals, not that of the district court, and apply the same standard of review used by the court of appeals." 966 P.2d 852, 855 (Utah 1998).

the access easement. We granted certiorari to answer what appeared to be important and unsettled legal questions. Upon further review, we are unable to answer these questions because the trial court did not make explicit findings as to the date the easement was established and its parameters, and the parties failed to challenge the sufficiency of the trial court's findings. We therefore conclude that there are no legal questions of particular significance. In fact, none of the considerations outlined in rule 46 of the Utah Rules of Appellate Procedure exist here.[9] So we hold that certiorari was improvidently granted.

¶10  Rule 46 makes clear that a "[r]eview by a writ of certiorari . . . will be granted only for special and important reasons."[10] This means that "certiorari is not a matter of right, but of judicial discretion."[11] Rule 46 offers several considerations this court uses in determining whether an issue is sufficiently significant for us to exercise this discretion. These considerations are particularly important when we are reviewing an issue involving a lower court's highly-factual determination, such as the existence of the easements at issue, because this court does not function as an error correction court when operating under our certiorari authority.[12]

¶11  Under rule 46, certiorari is proper when the court of appeals has rendered a decision that is (1) in conflict with a prior court of appeals' decision or a decision of this court, (2) has "so far departed from the accepted and usual course of judicial proceedings" so as to

---

[9] UTAH R. APP. P. 46(a).

[10] *Id.*

[11] *Id.*; *see also* SUP. CT. R. 10 (stating that "certiorari is not a matter of right, but of judicial discretion" and "will be granted only for compelling reasons").

[12] Rule 10 of the Rules of the Supreme Court of the United States provides that "certiorari is rarely granted when the asserted error consists of erroneous factual findings or the misapplication of a properly stated rule of law." We agree. Like the United States Supreme Court, we are a court of last resort and so share the same interest in utilizing our certiorari power to resolve only truly "compelling" legal questions. *See* SUP. CT. R. 10. So we generally will not grant certiorari to review a district court's factual findings or misapplications of correct law.

require this court's supervision, or (3) has "decided an important question of . . . law" which should be settled by this court.[13] None of these considerations are present in this case.

¶12 First, the court of appeals' decision is not in conflict with any prior court of appeals decision or any decision of this court. Rather, the court relied on legal principles repeatedly approved by this court and the court of appeals. The court stated the following as the operative prescriptive easement standard: "[t]o attain legal recognition of a prescriptive easement in Utah, the claimant must prove by clear and convincing evidence that the claimant's 'use of another's land was open, continuous, and adverse under a claim of right for a period of twenty years.'"[14] For support, it relied upon well-established caselaw from both this court and the court of appeals identifying the same legal standard.[15] The court's decision did not alter or amend this standard, and its application of these principles was in conformity with Utah Supreme Court and court of appeals caselaw.[16] So it cannot be said that its decision is in conflict with previous judicial decisions.

¶13 Second, because the court of appeals relied upon well-settled law, we hold that it did not "depart[] from the accepted and usual course of judicial proceedings" in issuing its ruling.[17] As stated above, in affirming the trial court's grant of an access easement to the Judds, the court of appeals recited the legal standard

---

[13] UTAH R. APP. P. 46(a).

[14] *See Judd v. Bowen*, 2017 UT App 56, ¶ 10, 397 P.3d 686 (citation omitted).

[15] *Id.* Specifically, the court relied upon *Orton v. Carter*, 970 P.2d 1254, 1258 (Utah 1998) and *Lunt v. Lance*, 2008 UT App 192, ¶ 18, 186 P.3d 978 for this general standard. The court then went through each element of the prescriptive easement standard, relying on numerous other Utah Supreme Court cases where we have defined each element in the prescriptive easement individually. *See Judd*, 2017 UT App 56, ¶¶ 10–31.

[16] *See, e.g., Valcarce v. Fitzgerald*, 961 P.2d 305, 311 (Utah 1998); *Crane v. Crane*, 683 P.2d 1062, 1064 (Utah 1984); *Richards v. Pines Ranch, Inc.*, 559 P.2d 948, 949 (Utah 1977); *Lunt v. Kitchens*, 260 P.2d 535, 537 (Utah 1953); *Jensen v. Gerrard*, 39 P.2d 1070, 1072 (Utah 1935).

[17] UTAH R. APP. P. 46(a)(3).

that use must be continuous, open, and adverse for twenty years.[18] Its articulation of the standard was not new or even different. Rather, the court merely parroted the exact language this court has been invoking for almost a hundred years.[19] It then concluded, as had been done in every other prescriptive easement case, that the trial court's findings of fact reasonably supported its legal conclusion that the Judds' use had been continuous, open, and adverse for the requisite prescriptive period.[20] Nothing the court of appeals did was unusual.

¶14 Furthermore, in reversing the trial court's grant of a prescriptive parking easement, the court of appeals applied well-settled law to determine that the parking easement in this case exceeded the bounds of a prescriptive easement and so required an adverse possession analysis.[21] The court did not categorically preclude parking easements by prescription. It simply concluded that allowing the Judds unrestricted parking use would

---

[18] *Judd,* 2017 UT App 56, ¶ 10.

[19] *Compare id., with Nyman v. Anchor Dev., L.L.C.,* 2003 UT 27, ¶ 18, 73 P.3d 357 ("A prescriptive easement is created when the party claiming the prescriptive easement can prove that 'use of another's land was open, continuous, and adverse under a claim of right for a period of twenty years.'" (citation omitted)); *Edgell v. Canning,* 1999 UT 21, ¶ 8, 976 P.2d 1193 ("[A] claim for a prescriptive easement must establish a use that is open, notorious, adverse, and continuous for at least twenty years."); *Marchant v. Park City,* 788 P.2d 520, 524 (Utah 1990) ("In order to establish a prescriptive easement to the property, plaintiffs must establish a use that is (1) open, (2) notorious, (3) adverse, and (4) continuous for at least 20 years."); *Crane,* 683 P.2d at 1064 ("An easement by prescription arises under our common law from a use of the servient estate that is 'open, notorious, adverse, and continuous for a period of 20 years.'" (quoting *Jensen v. Brown,* 639 P.2d 150, 152 (Utah 1981)); *Richards,* 559 P.2d at 949 ("A right-of-way by prescription is established by open, notorious, adverse use thereof for a period of twenty years."); *Gerrard,* 39 P.2d at 1072 ("[T]he use for the prescriptive period must be peaceable, continuous, open, [and] adverse as of right [for twenty years].").

[20] *Judd,* 2017 UT App 56, ¶¶ 12–30.

[21] *Id.* ¶¶ 46, 49–50 (relying on *Nyman,* 2003 UT 27, ¶ 18).

"impermissibly exclude[] the Bowens from meaningful 'use and enjoyment' of the Driveway."[22] In arriving at this conclusion, the court relied upon the trial court's finding that the Driveway "is a 'narrow' right-of-way 'wide enough for only one vehicle.'"[23] With this "narrow" view of the Driveway in mind, the court concluded that the parking easement would rob the Bowens of all meaningful use and enjoyment of the Driveway,[24] and so, under our jurisprudence, it "more closely resembles the sort of rights typically associated with adverse possession rather than the more limited easement rights acquirable by prescription."[25] Our caselaw had made that point clear.[26] So we cannot say that the court of appeals "so far departed from the accepted and usual course of judicial proceedings" so as to require our supervision with respect to its analysis on this issue.[27]

¶15 Lastly, we hold that no legal questions of particular significance are presented in this case. The court of appeals' affirmance of the trial court's grant of an access easement to the

---

[22] *Id.* ¶ 36.

[23] *Id.* ¶ 34.

[24] *Id.* ¶ 36.

[25] *Id.* ¶ 49.

[26] *See Nyman*, 2003 UT 27, ¶¶ 17–18.. In *Nyman*, we held that a claimant did not have a right to a prescriptive easement allowing him to continue to use his garage, which was partially built on his neighbor's property. *Id.* We reasoned that prescriptive rights were reserved for limited use on another's property, not permanent exclusive occupancy. *Id.* We also stated that where a use "deprive[s] [a property owner] of all use and enjoyment of the land," the plaintiff may not establish a right to that use through prescription. *Id.* ¶ 18. Here, the court of appeals concluded that the Judds' parking easement was unlimited and so granted the Judds permanent exclusive occupancy. *Judd*, 2017 UT App 56, ¶ 36. It also reasoned that, like the garage in *Nyman*, the parking use deprived the Bowens of meaningful use and enjoyment of the Driveway. *Id.* So it held that such unrestricted parking use could only be established through adverse possession in this case. *Id.* In following the precedent set in *Nyman*, the court of appeals did not depart from well-settled law.

[27] *See* UTAH R. APP. P. 46(a)(3).

Judds does not present a significant legal question. While the existence of an easement is a conclusion of law, the separate question of whether the Judds' use was continuous, open, and adverse all require highly-factual inquiries.[28] If we were to review this case on the merits, we would simply be providing a second review of the district court's highly-factual determination concerning the access easement, which we decline to do.[29] This analysis would not require us to answer any important questions of law.

¶16 Similarly, the court of appeals' reversal of the trial court's grant of a parking easement does not present a significant legal question. The court of appeals concluded that in the particular circumstances of this case, awarding the Judds a prescriptive parking easement was inappropriate because it would "exclude[] the Bowens from meaningful 'use and enjoyment' of the Driveway."[30] In so holding, the court of appeals did not make a categorical determination as to the viability of prescriptive parking easements. It merely determined that under these circumstances in which the land was limited and the right to park was unrestricted, a prescriptive parking easement was not appropriate.[31]

---

[28] *Valcarce*, 961 P.2d at 311. Although the Bowens suggest that the court of appeals erred in "affirm[ing] the district court's use of incorrect legal definitions for the[] various elements [of a prescriptive easement]," without more complete factual findings below there is no indication such definitions or elements were inconsistent with well-established caselaw. Had the parties challenged the inadequacy of the trial court's factual findings, particularly the absence of the exact date the easement was established and the parameters of that easement, the legal definitions the trial court used may have been problematic. But since neither party challenged the absence of these factual findings, and the factual inadequacies remain, we are unable to reach these issues.

[29] *See NLRB v. Hendricks Cty. Rural Elec. Membership Corp.*, 454 U.S. 170, 176 n.8 (1981) (dismissing a writ of certiorari as improvidently granted when it became apparent after briefing and oral argument that the Court was "presented primarily with a question of fact, which does not merit Court review").

[30] *Judd*, 2017 UT App 56, ¶ 36.

[31] *Id.*

¶17 The Bowens urge this court to use this case as an opportunity to categorically eliminate the possibility of prescriptive parking easements. But since the court of appeals did not make a categorical determination concerning the viability of prescriptive parking easements, we conclude that this would not be an appropriate case for us to address this issue. In determining that the parking easement granted by the trial court required an adverse possession analysis, the court of appeals simply followed the precedent set in *Nyman* in determining that a prescriptive parking easement would be inappropriate in this particular case. So we conclude that this case presents no significant legal questions for this court to answer at this time. And because none of the considerations listed in rule 46 are present here, we revoke our grant of certiorari.

¶18 In doing so, we emphasize our commitment to utilizing certiorari authority in accordance with rule 46. While the rule does not list every circumstance where certiorari is proper, it does outline most of the "special and important reasons" for which we will grant such review.[32] Accordingly, we will not hesitate to revoke certiorari when parties inaccurately indicate in their petitions the presence of the considerations outlined in rule 46 or it becomes clear that such considerations are lacking.

**Conclusion**

¶19 We improvidently granted certiorari in this case. This is a factually-intensive case in which the court of appeals simply applied well-settled law to the facts before it. It did not "so far depart[] from the accepted and usual course of judicial proceedings" so as to require our supervision, and there are no significant legal questions presented in this case that would make granting certiorari appropriate under rule 46.[33] So we revoke our certiorari review. We encourage future parties to keep in mind the guidelines we have set out in this opinion as they prepare their petitions for certiorari.

––––––––––––

[32] UTAH R. APP. P. 46(a).

[33] UTAH R. APP. P. 46(a).