## FARR et al. v. WHEELWRIGHT CONSTRUCTION CO.

### No. 2752.   Decided February 15, 1917.   (163 Pac. 256.)

1. INJUNCTION—PLEADING—ADVERSE USER—DEDICATION.   A party basing his right to enjoin another from interfering with the use of land, upon either adverse user, or upon dedication, whether express or implied, must plead the facts constituting such right or claim.   (Page 276.)

2. EASEMENTS—PLEADING.   One claiming an easement over real property should set forth his claim in apt terms in his pleading.   (Page 276.)

3. HIGHWAYS—DEDICATION—PLEADING—INJUNCTION.   The allegations of a complaint in a suit to enjoin interference with the use of land did not show a right based on dedication, where it alleged merely that for thirty years plaintiffs, their predecessors, and the public had openly used the land as a highway.   (Page 277.)

4. ADVERSE POSSESSION—PLEADING—INJUNCTION.   The complaint in an action to enjoin interference with the use of land as a highway did not show a right based on adverse user, where it did not allege that the use of the land was adverse and under a claim of right.[1]   (Page 277.)

5. HIGHWAYS—DEDICATION—PLEADING—ISSUES—EVIDENCE.   Where, in an action to enjoin interference with the use of land as a highway, dedication was not pleaded, declarations of a former owner, as to whether there had been a dedication, were properly excluded.   (Page 278.)

6. EVIDENCE—DECLARATIONS OF FORMER OWNER—PLEADING.   Under proper pleadings, declarations of a former owner of realty while in possession, which characterized his possession or ownership, are admissible against his grantee.   (Page 278.)

7. APPEAL AND ERROR—DECISION—EQUITY.   Where, on appeal in an equity case, it appears that the trial court erroneously overruled a demurrer to the complaint, but that if the demurrer had been sustained, the complainants would probably have amended their complaint to permit the introduction of evidence sustaining their contention, the Supreme Court instead of making or directing findings for judgment for appellant, will remand the case for another trial.   (Page 278.)

---

[1] Citing *Lund* v. *Wilcox*, 34 Utah 205, 97 Pac. 33; *Halkness* v. *Woodmansee*, 7 Utah 227, 26 Pac. 291; *Funk* v. *Anderson*, 22 Utah 238, 61 Pac. 1006.

Appeal from District Court, Second District; *Hon J. A. Howell,* Judge.

Suit by Asael Farr and another against the Wheelwright Construction Company, a corporation.

Judgment for plaintiffs. Defendant appeals.

REVERSED and remanded with directions.

*Geo. Halverson* for appellant.

*C. C. Richards* for respondents.

FRICK, C. J.

The plaintiffs, hereinafter styled respondents, commenced this action in equity to enjoin the defendant, hereinafter called appellant, from in any manner interfering with plaintiffs' right to use a certain strip of ground 33x165 feet as "a highway and right of way" and from obstructing the same or any part thereof in any manner. Respondents also prayed for general relief.

In the complaint the ownership of the parcels of land adjoining the strip of ground in question, and over which respondents claim a right of way, is fully set forth. It is also alleged that ever since 1906, and at the time the action was commenced, the record title of said strip was in the appellant, and that it was using and obstructing the same, etc. The claim of respondents, or, rather, the facts upon which they base their right to the relief prayed for, are stated in the complaint in the following words:

"That for more than thirty years immediately preceding the 1st day of March, 1906, the plaintiffs, their predecessors in interest and the public have openly, notoriously, peaceably and with the consent of the defendant's predecessor in interest, and without objection, let or hindrance from any person whomsoever, except the defendant, as hereinafter set forth, used and traveled over, upon and across the tract of land described in the last preceding paragraph, and each and every part thereof, with teams, vehicles and on foot as a matter of

convenience and necessity as a highway for the purpose of ingress and egress to and from the respective lands and premises owned by the plaintiffs and their predecessors in interest, and situated on the east and west sides of the tract of land described in the sixth paragraph of this complaint, and the lands lying and being immediately north and adjoining such last-named lands and premises.''

The appellant interposed a general demurrer to the complaint. The court overruled the demurrer, and appellant answered the complaint, denying respondents' right to the use of said strip, or of any part thereof, for the purposes claimed, or for any purpose, and claimed the title in fee to the same.

A trial to the court without a jury resulted in findings of fact, conclusions of law, and decree in favor of the respondents. The appellant was perpetually enjoined from interfering with respondents' right to use said strip as a passage or right of way, and was required to remove all obstructions therefrom, etc.

Appellant insists that the court erred: (1) In overruling the demurrer; (2) in the admission of certain evidence; (3) in making the conclusions of law in that they are contrary to and not supported by the findings of fact; and (4) that the evidence is insufficient to justify the findings of fact.

Counsel for appellant contends that the complaint is defective in substance in that the allegations, the material parts of which we have set forth, are insufficient to constitute a claim either of adverse user or dedication of the strip of ground in question. It is elementary doctrine that a party who bases his right upon either adverse user or upon dedication by the owner must plead the facts constituting such right or claim. In referring to the question of how dedication must be pleaded the court, in *Chicago, etc., Co.* v. *Montgomery Ward & Co.*, 76 Ill. App. 543, said:

"Dedication is a question of intention of the dedicator, who must be the owner of the fee, and is not complete until accepted; and before the court can tell that there was a dedication, as claimed by appellees, the facts constituting such dedication should be set out, for non constat when the facts are stated, it may clearly appear that no dedication for the purpose claimed was complete."

Other cases are there cited to the same effect.

It should require no argument, however, to show that where one claims an easement over real property he should set forth his claim in apt terms in his pleading. In our **2, 3** judgment the allegations in the complaint are clearly insufficient to constitute a right to the use of the strip of ground in question under the claim of dedication. Respondents' counsel, at the trial, however, disclaimed that he had pleaded dedication. When the question of the admission of certain evidence came up he said:

"We are not pleading dedication; we are pleading usage. * * * We claim the right by use, just as we have pleaded it and proven it."

In his brief he nevertheless relies upon dedication and explains that what was meant by the foregoing statement was that he had not pleaded and was not relying upon dedication by record, or an express dedication. But even though that be conceded, yet it was just as necessary for counsel to plead an implied dedication as it was to plead an express grant to that effect. As pointed out in the case cited from the Court of Appeals of Illinois, the facts constituting the dedication relied on must be pleaded. That the facts pleaded in the complaint before us do not constitute a dedication is made quite clear in 1 Elliott, Roads and Streets (3d Ed.), section 144, to which we refer the reader.

Appellant's counsel, however, also insists that the allegations of the complaint are insufficient to constitute adverse user. By again referring to the allegations of the **4** complaint hereinbefore set forth it will be seen that it is not alleged that the alleged use was adverse and under a claim of right. This court, in common with many other courts, has frequently held that in order to acquire an easement or right of way over real estate in this state by user, such user must be continuous for a period of twenty years; must be adverse to the true owner, and under a claim of right. *Lund* v. *Wilcox,* 34 Utah 205, 97 Pac. 33; *Harkness* v. *Woodmansee,* 7 Utah 227, 26 Pac. 291; *Funk* v. *Anderson,* 22 Utah 238, 61 Pac. 1006. Respondents' counsel seeks to distinguish this case from the cases we have just cited, but there is no

distinction in principle. In 1 Elliott, Roads and Streets (3d Ed.), section 194, in speaking of what is sufficient to constitute an easement by user, the author says:

"We have already shown that the use must be under claim of right. Where the use is merely permissive and not adverse, there is no basis on which a right of way by prescription can rest."

Practically the same language is used in *Chicago, B. & Q. Ry. Co.* v. *Ives*, 202 Ill. 69, 66 N. E. 940. It is equally clear, therefore, that the facts pleaded are insufficient to constitute a right of way by adverse user. The court therefore erred in overruling the demurrer to the complaint.

The findings of fact by the court respecting dedication and adverse user are an exact copy of the allegations of the complaint which we have set forth. From what has already been said it is clear, therefore, that the findings of fact are insufficient to sustain the conclusions of law and decree in favor of respondents.

It is further contended that the court erred in admitting certain evidence respecting the declarations of one of the predecessors of title of appellant. As we understand appellant's counsel, however, the objection and assignment is principally based upon his contention that the declarations objected to related to the question of whether there was a dedication of the strip of ground or not, and that the declarations were not admissible for the reason that no dedication had been pleaded. The law is well settled that the declarations of a former owner of real property, while in possession, which characterize his possession or ownership, are admissible against his grantee. *Hyde* v. *County of Middlesex*, 2 Gray (Mass.) 267; *Youngs* v. *Cunningham*, 57 Mich. 153, 23 N. W. 626. The doctrine is so well established that it is not deemed necessary to cite additional cases. In view, therefore, that dedication was not pleaded, and for no other reason, the evidence objected to should have been excluded.

It is also urged that the evidence is insufficient to justify findings in favor of respondents' claims, and that we should make or direct findings and judgment in favor of appellant. While in equity cases we have the power to make our own findings or direct findings in accordance

with what we deem to be justified by the evidence, yet, in this case, we are not convinced that such a course would be fair and just to all the parties concerned. If the court had sustained the demurrer to the complaint, as it should have done, respondents, in all probability, would then have amended their complaint by setting up the facts they attempted to prove at the trial, and if they had succeeded in proving them, findings and judgment in their favor might well be justified. We are loth, therefore, either to make or direct findings in favor of appellant for fear that, under all the facts and circumstances, as the record now stands, we might not arrive at a fair and just result. We deem it better practice, and certainly more equitable to all the parties, merely to reverse the judgment and to remand the case for another trial.

We could subserve no good purpose by extending the discussion. The judgment is therefore reversed, and the cause is remanded to the district court of Weber county, with directions to permit the parties, or either of them, to amend their pleadings, if they are so advised, and, in case the pleadings are amended in accordance with the views herein expressed, to hear the evidence and make findings of fact and conclusions of law and enter such a judgment or decree as under all the pleadings and evidence may be deemed just. In case the plaintiff refuses to amend the complaint, however, the court is directed to enter judgment dismissing the same. Appellant to recover costs.

McCARTY and CORFMAN, J. J., concur.