## JENSEN v. GERRARD et al.

No. 5296.   Decided January 7, 1935.   (39 P. [2d] 1070.)

*J. E. Evans,* of Ogden, for appellants.

*Joseph Chez,* of Salt Lake City, and *Lewis J. Wallace,* of Ogden, for respondent.

EPHRAIM HANSON, Justice.

The plaintiff, Henry L. Jensen, is the owner of approximately 16 acres of land in Weber county. The defendant William T. Roylance, until May of 1931, owned a 10-acre tract which adjoins the Jensen land. The tract now owned by Jensen was formerly owned by Orson H. Hickenlooper, who about 1894 built a home on the place which he occupied with his family until 1917, when he sold to Mr. Jensen, who now occupies the place. The land owned by Mr. Roylance, although cultivated, had no buildings thereon and was never used for residence purposes. In May, 1931, the defendant William L. Gerrard purchased from Mr. Roylance the west

2½ acres of the 10-acre tract and commenced the construction of a residence thereon.

The evidence discloses that Hyrum Roylance, the father of the defendant William T. Roylance, formerly owned the 10-acre tract; the defendant Roylance taking possession of the same in 1904 with the understanding that his father would convey to him the property, which he did in 1914. Other persons owned farming lands contiguous to the Hickenlooper and Roylance tracts. The road extended from these different tracts to the state highway on the east. Because of its heavy grade in places and the nature of the soil over which it extended, this road was impracticable for hauling heavy loads thereover. In 1891 Mr. Hickenlooper, in order to make his land more accessible to the county highway on the west, acquired by purchase from a Mr. Helm a strip of land one rod wide extending from what was then the west line of the Hickenlooper tract westerly across the Helm tract to the county road. The northeast corner of this strip was the same point as the southwest corner of the Roylance tract. At the time he acquired this strip Mr. Hickenlooper asked Hyrum Roylance and other adjoining landowners to join with him and open a corresponding strip easterly to connect with the highway on the east so that the lane would extend from one highway to the other. Mr. Hyrum Roylance and the other landowners refused and the roadway was opened no farther than to the Hickenlooper land. Immediately after acquiring this strip he fenced it on each side so as to form a lane to the county highway and placed a gate at the east end. A number of years afterwards a gate was placed at the west end so that some of Hickenlooper's cattle could be pastured in the lane. After Jensen acquired the property, he removed the lane fences and the east gate and replaced the west gate by another. Mr. Gerrard after purchasing the 2½-acre tract claimed the right to use the roadway, to which use Mr. Jensen objected and brought this action to restrain the defendant from using the roadway, asserting ownership thereof in himself and that defendants, without his consent and without

right or authority so to do, unlawfully drove horse-drawn vehicles, as well as automobiles and trucks, over said roadway and beyond to a point about 200 feet east of what formerly was the east end of the land. By their answer defendants denied that they were unlawfully using the roadway and alleged that they owned an easement of way 16 feet wide and extending over the full length of such strip of land for all purposes for which farmers ordinarily use farm roads; that they, their grantors and predecessors in interest, had used said strip of land as a means of ingress and egress to and from the respective lands of defendants for more than 45 years last past; that such use has been peaceable, continuous, uninterrupted, exclusive, open and adverse as of right, and with the knowledge and acquiescence of the plaintiff, his grantors and predecessors in interest. The allegations were denied by plaintiff in his reply.

The issues so made were tried to the court sitting without a jury. The court made findings in favor of the plaintiff, and defendants were permanently enjoined from making any use of the roadway. The court found, so far as material here, substantially the following facts:

That in the year 1891 Mr. Hickenlooper created the roadway in question and that in 1904 the defendant William T. Roylance was given permission by Mr. Hickenlooper to use the roadway to haul his crop of beets during the fall of the year and that Roylance paid Mr. Hickenlooper for such use; that Roylance continued to use the roadway for removing his fall crops; and that as further payment for the use of the roadway Roylance paid Mr. Hickenlooper certain farm products as well as small payments in money and permitted Mr. Hickenlooper to pasture on his (Roylance's) land, and this was the arrangement made from 1904 to 1909; that in 1915 Hickenlooper caused the gate at the easterly end of the land to be padlocked and thus barred Roylance from the use of the roadway, and in order that he might continue the use of the roadway for the remaining portion of the year, he paid Hickenlooper $2.50.

The court further found that about the year 1910 Mr. Roylance paid a further sum of money to Mr. Hickenlooper for permission to use the roadway for removing his fall crops, and that in 1917, after plaintiff became the owner of the property, Roylance was given permission by plaintiff to use the roadway to remove his crops upon condition that he (Roylance) would close the gate which had been replaced and maintained by plaintiff at the west end, and that whatever use defendants made of the roadway, the same was permissive and not adverse.

These findings are challenged by defendants, who claim there is not sufficient evidence to warrant such findings thus made by the court. This being a law case [*Norback* v. *Board of Directors, etc.* (Utah) 37 P. (2d) 339], this court is not permitted under the Constitution or the statutes to weigh the evidence. If there is any substantial competent evidence in the record to support the court's findings or the verdict of the jury, the judgment will not be disturbed in the absence of some error of law prejudicial to appellant. *Jenkins* v. *Stephens,* 64 Utah 307, 231 P. 112; *Brown* v. *Union Pac. R. Co.,* 76 Utah 475, 290 P. 759. With this standard in mind we shall briefly review the evidence upon which the trial court made its findings.

Mr. Orson H. Hickenlooper testified to the purchase of the strip of land from Helm and to the opening of the roadway thereon, and that after the roadway opened, the defendant Roylance asked permission to use it to get out his crops in the fall of the year, and that the use by Roylance was only occasional during the first few years, probably for about a week in the fall to get out the beet crop; that for other hauling he used the road to the east; that about 1915 or 1916 Roylance paid him $25 for the privilege of using the road to haul out the fall crops, which right was to continue as long as Mr. Hickenlooper owned the property; that in consideration of the payment he intended to convey a right of way to Roylance, but nothing was done towards preparing papers to complete the transaction. Mrs. Hickenlooper tes-

tified that her husband was away for about two years in 1904 and 1905, and that during that time she objected to Mr. Roylance using the lane unless a consideration was paid, and that he gave her tomatoes and also small amounts of money during that period; that in 1915 her son, Carl, looked after the place, and that on one occasion during that year, Roylance left the gate open and some cattle had entered and done damage, and that Carl then padlocked the east gate so that Mr. Roylance could not use the roadway, and that in order to make further use of it that year, Roylance paid $2.50 to Mr. Hickenlooper; that up to 1915 or 1916 Roylance, for the privilege of using this roadway, allowed the Hickenloopers the beet tops from his farm, which they fed to their catttle; that about the only use that Mr. Roylance made of the roadway was for hauling out his crops in the fall; and that every year he made arrangements with her husband or her boys for the use of it. Carl and Frank Hickenlooper corroborated the testimony of their father and mother.

Mr. and Mrs. Jensen testified that they moved on the property in December, 1917, and that the following summer Mr. Roylance came to their place and asked concerning the land, and that Mr. Jensen told him that they were neighbors and that if Mr. Roylance wanted to use the roadway for taking out his crops in the fall of the year he could do so provided that he would see that the gates were kept closed.

The testimony on behalf of the plaintiff was in a large measure denied by witnesses for the defendants. Mr. Roylance denied paying anything for the privilege of using the road and claimed that a payment of $50 was made in 1906, that it was for a perpetual right to use the road, and that from that time on until the bringing of this action he used the roadway in question continuously and without hindrance from anyone and under a claim of right.

As this is a law action, the question is not whether the evidence would have supported the decision in favor of the appellants, but whether the decision made by the trial court

finds support in the evidence. If there is competent credible evidence to support the findings made by the ■■ trial court, then those findings should stand. Since the defendants claimed the right to use the roadway by prescription, the burden was upon them to establish such claim by clear and satisfactory evidence. 2 Tiffany on Real Property (2d Ed.) § 519, p. 2046; 19 C. J. 958, § 181; 1 Jones' Comm. on Evid. 522. Before a right of way can be acquired by prescription, the use for the prescriptive period must be peaceable, continuous, open, adverse as of right, and with the knowledge and acquiescence of the plaintiff and his grantors and predecessors in interest. Actual notice to the owner of the servient estate is not necessary if the user is so notorious that in the exercise of reasonable diligence the owner should learn thereof; then he will have constructive notice of the user which is sufficient. *Dahl* v. *Roach*, 76 Utah 74, 287 P. 622; *Bolton* v. *Murphy*, 41 Utah, 591, 127 P. 355; *Crosier* v. *Brown*, 66 W. Va. 273, 66 S. E. 326, 25 L. R. A. (N. S.) 174; *Gardner* v. *Swann*, 114 Ga. 304, 40 S. E. 271; *Schulenbarger* v. *Johnstone*, 64 Wash. 202, 116 P. 843, 35 L. R. A. (N. S.) 941; *Watson* v. *Board of County Commissioners*, 38 Wash. 662, 80 P. 201; 2 Tiffany on Real Property (2d Ed.) § 521.

A twenty-year use alone of a way is not sufficient to establish an easement. Mere use of a roadway opened by a landowner for his own purpose will be presumed permissive. An antagonistic or adverse use of a way cannot spring from a permissive use. A prescriptive title must be ■■ acquired adversely. It cannot be adverse when it rests upon a license or mere neighborly accommodation. Adverse user is the antithesis of permissive user. If the use is accomanpied by any recognition in express terms or by implication of a right in the landowner to stop such use now or at some time in the future, the use is not adverse. 2 Tiffany, supra, § 519; *Horne* v. *Hopper*, 72 Colo. 434, 211 P. 665; *Eddy* v. *Demichelis*, 100 Cal. App. 517, 280 P. 389. The use may spring by permission, and a prescriptive right there-

after acquired if the right has been used and exercised for the requisite period under a claim of right. If a use of the way is under a parol consent given by the owner of the servient tenement to use it as if legally conveyed, it is a use as of right. *Holm* v. *Davis,* 41 Utah 200, 125 P. 403, 44 L. R. A. (N. S.) 89; *Coventon* v. *Seufert,* 23 Or. 548, 32 P. 508.

The defendant Roylance testified that in 1906 he paid Mr. Hickenlooper $50 for a perpetual right of way, that he never paid anything thereafter for the use of the road and that Hickenlooper stated at the time that he received the $50 that he would fix up some papers later. No explanation was given by Mr. Roylance why the papers evidencing the transaction were never prepared. He was on friendly terms with the Hickenloopers and they continued to reside on the place until 1917. Counsel for appellants argues that the version given by Mr. Roylance is correct, and that the prescriptive period began to run from the time his payment was made in 1906. Hickenlooper testified that this payment was made either in 1915 or 1916. If it were, then the necessary time had not elapsed at the time this suit was brought for the running of the prescriptive period. It is true, of course, as asserted by counsel for the appellants, that an ineffectual parol grant may ripen into an easement by prescription, but a prescriptive right can only arise by adverse use and enjoyment under a claim of right uninterrupted and continuous for twenty years. *Morris* v. *Blunt,* 49 Utah 243, 161 P. 1127; *Farr* v. *Wheelwright Const. Co.,* 49 Utah 274, 163 P. 256.; *Dahl* v. *Roach,* supra; *Bolton* v. *Murphy,* supra.

We think the evidence was conflicting. The trial judge saw and heard all the witnesses and viewed the premises. The court found that the user was permissive; we cannot say as a proposition of law that it was not.

Judgment affirmed. Costs to respondent.

STRAUP, C. J., and ELIAS HANSEN, FOLLAND, and MOFFAT, JJ., concur.