## SDRALES et al. v. RONDOS.

No. 7285. Decided September 7, 1949. (209 P. 2d 562.)

See 28 C. J. S., Easements, sec. 68. Use of private way as easement or under a claim of right, see note, 98 A. L. R. 1098. See, also, 17 Am. Jur. 969.

*McKay, Burton, Nielsen and Richards,* Salt Lake City, for appellant.

*Mulliner, Prince & Mulliner,* Salt Lake City, for respondents.

WOLFE, Justice.

This is an action commenced by the respondents, James Sdrales and Virginia Zambukos, plaintiffs below, to enjoin the appellant, Sam Rondos, defendant below, from trespassing upon certain real property owned by the respondents. The parties will be hereinafter referred to as they appeared in the trial court. The defendant counterclaimed contending that he had acquired an easement by prescription over the plaintiffs' property. The lower court denied the counterclaim and granted the plaintiffs the relief they prayed for. The defendant prosecutes this appeal.

The property involved is in downtown Salt Lake City. The plaintiffs own buildings on the southeast corner of Second South Street and West Temple Street. Their property has a frontage of 125 feet on Second South Street and 128½ feet on West Temple Street. The buildings are occupied by retail stores. The defendant owns a building fronting on Second South Street adjoining the plaintiffs' property on the east. The defendant's property has forty feet frontage on Second South Street and runs 115½ feet in depth.

Adjoining the plaintiffs' building on the south, and on the plaintiffs' property, is an alleyway extending east for 165 feet from its entrance on West Temple Street to its terminus at the rear of the defendant's property. The alleyway is twelve feet wide for a distance of seventy-five feet from West Temple Street, at which point it widens by an additional twenty-six feet. See the sketch drawn below.

Through this alleyway access is had to the rear of the plaintiffs' and the defendant's property. In the southwest corner of the defendant's property, at the rear of his two-story brick building which fronts on Second South Street, is a one-story brick extension onto the two-story building. In the southeast corner of the defendant's property is a heating plant. Immediately to the south of the heating plant at the east terminus of the plaintiffs' alleyway is a tin garage owned and used by the plaintiffs.

The defendant's two-story building was erected in 1891 and in about 1893 the heating plant at the rear was constructed to supply heat to that building. The heating plant consists of an excavated pit with cement side walls eight feet in depth and contains a furnace, stoker, boiler and coal bin. Above the pit is a smoke stack forty feet high resting on a cement base extending for nine feet above the ground. The south wall of the pit is approximately on the defendant's south property line.

The defendant's evidence as to the use of the alleyway consisted of the testimony of two elderly witnesses, Richard H. Latimer and Anton F. Gotberg. Mr. Latimer's father, Thomas Latimer, had owned the property now owned by the defendant from the time the government patent was issued until his death in 1881, at which time his eleven children succeeded to the ownership of the property. The Latimer children continued in ownership of the property until 1946 when they sold it to the defendant.

Mr. Latimer testified that coal had been brought over the alleyway to the heating plant since about 1899, and that when the buildings on the defendant's property needed repairing, materials for that purpose were brought in the same way. He also testified that one of the tenants in the building now owned by the defendant for a short time received deliveries of beer which were made by use of this alleyway leading in from West Temple Street.

Mr. Gotberg, a retired tailor, occupied a shop in the defendant's building for about fifty years commencing in 1893. He testified that deliveries of coal were made to the heating plant through the alleyway and that since about 1934 the alleyway had also been used in making deliveries of groceries to persons living on the second story of the defendant's building. Mr. Gotberg further testified that until about 1928 access to the rear of the defendant's premises was also obtainable through an alleyway which ran across the property lying immediately south of the plaintiffs' property.

On December 18, 1948, counsel for the plaintiffs and counsel for the defendant appeared before Judge Van Cott in the court below for the purpose of having the bill of exceptions settled. At that time the objection was made by counsel for the plaintiffs that Mr. Latimer upon cross-examination had testified that he had not at any time claimed a right of way across the property now owned by the plaintiffs, but that this testimony did not appear in the transcript of Mr. Latimer's testimony as prepared by the court reporter. Consequently, counsel for the plaintiffs requested Judge Van Cott to include that testimony of Mr. Latimer in the transcript. The request was granted over the objection of counsel for the defendant, Judge Van Cott stating that it was his best judgment and recollection, independent of the notes that he took during the trial, that Mr. Latimer made the statement at or near the close of his testimony upon cross-examination, that he at no time claimed a right of way through the alleyway. The defendant has petitioned this court to strike this statement purportedly made by Mr. Latimer from the bill of exceptions.

It is unnecessary to determine whether the defendant's petition can or should be granted by this court. Even if we were to grant the defendant's petition, it would be of no aid to the defendant since there is substantial evidence in the record independent of this controverted testimony to support the judgment of the lower court that the defendant did not have an easement over the plaintiffs' alleyway. The defendant has not proved that he and his predecessors in title used the alleyway for any length of time under a claim of right.

The defendant contends that he has shown an open and continuous use of the alleyway by himself and his predecessors in title for over twenty years and that under the rule laid down by this court in *Zollinger* v. *Frank*, 110 Utah 514, 175 P. 2d 714, 716, 170 A. L. R. 770, the use is presumed to be against the owner of the servient estate. True, in that case we said,

"we think the better rule is that * * * where a claimant has shown an open and continuous use of the land for the prescriptive period (20 years in Utah) the use will be presumed to have been against the owner and the owner of the servient estate to prevent the prescriptive easement from arising has the burden of showing that the use was under him instead of against him."

However, the facts in *Zollinger* v. *Frank* are entirely distinguishable from the facts in the present case. In the *Zollinger* case the servient owner did not open the right of way for his own use and he used only a portion of it infrequently. Because of these facts we distinguished the *Zollinger* case from *Harkness* v. *Woodmansee*, 7 Utah 227, 26 P. 291, 293, wherein we said,

"Where a person opens a way for the use of his own premises, and another person uses it also without causing damage, the presumption is, in the absence of evidence to the contrary, that such use by the latter was permissive, and not under a claim of right."

This rule was re-affirmed in *Jensen* v. *Gerrard*, 85 Utah 481, 39 P. 2d 1070. See the cases cited in support of the rule in 170 A. L. R. 825.

The facts of the instant case bring it within the rule laid down in *Harkness* v. *Woodmansee* since the defendant does not contend that the plaintiffs and their predecessors in title did not use the alleyway for their own purposes. Indeed, the evidence clearly shows that the plaintiffs and their predecessors made use of the alleyway in receiving deliveries to their buildings and in gaining access to the tin garage at the east end of the alleyway.

There is no evidence to rebut the presumption arising from the facts of the instant case that the use of the alleyway by the defendant and his predecessors in title was permissive and not under claim of right. Mr. Latimer testified that he had never at any time discussed a right of way with the plaintiffs or their predecessors in title. He did testify as to an incident when one of his tenants, a Mr. Moore, parked his automobile in the alley-

way, and one of the plaintiffs requested Moore to refrain from parking there, unless he was willing to pay rent for the privilege. Moore reported the incident to Latimer who talked to the plaintiffs and pointed out to them that they were using the west wall of his building as a party wall. After this, nothing more was said by the plaintiffs about Moore using the alleyway. It does not appear whether Moore continued to park there or not. But Latimer admitted that at this time neither he nor the plaintiffs said anything about a right of way. We do not agree with the defendant's contention that this incident demonstrated that Mr. Latimer was claiming a right of way through the alleyway. In view of the fact that neither party said anything about a right of way the only fair inference that can be drawn from the incident is that the plaintiffs, while they did permit Latimer and his tenants to use the alleyway for receiving deliveries, did object to the alley being used as a parking space for automobiles.

The judgment below is affirmed. Costs to the respondends.

PRATT, C. J., and WADE, LATIMER, and Mc-DONOUGH, JJ., concur.