# BUCKLEY v. COX et al.

No. 7730.   Decided August 20, 1952.   (247 P. 2d 277.)

See 28 C. J. S., Easements, sec. 70. Burden of proof as to adverse character of easement by prescription. 17 Am. Jur., Easements, secs. 72-73; 170 A. L. R. 776.

*J. C. Halbersleben,* Provo, for appellants.

*Ballif & Eggertsen,* Provo, for respondent.

McDONOUGH, Justice.

This is an appeal from a lower court judgment quieting title to certain property in the plaintiff.

Plaintiff is the owner of a home and premises south of and adjacent to the home and premises of defendant. The north 12 feet of plaintiff's property constitutes a driveway used by plaintiff as a means of ingress and egress to and from the rear of her property. This driveway runs east and west—the east end opening upon University Avenue in Provo, Utah. Such driveway was constructed by plaintiff's father for his own use some 50 years prior to this action. No trouble existed between plaintiff and defendant until approximately the last 3 years during which time defendant's son acquired an automobile and proceeded to use the driveway by driving and parking thereon, and by ordering plaintiff's roomers to keep their cars off the same.

Plaintiff brought this action to quiet title in the driveway in herself and to enjoin the defendants from further use of such driveway. Defendant contended that the drive-

way was appurtenant to his property; that his property line extended to the middle line of the driveway making it a joint right of way. He further contends that by open adverse, and hostile use under a claim of right for over a period of 20 years, he had acquired a right by prescription over the strip of land in question.

Under survey, the description in defendant's deed revealed that his property line constituted the northern boundary of the driveway and did not extend to the middle line of such right of way. Further, the lower court found that defendant had acquired no right, title, or interest in the strip of land by means of prescription, and quieted title in the plaintiff. Defendant's sole assignment of error on appeal is that the evidence is insufficient to support the finding of the trial court.

Under the criteria set out in *Norback* v. *Board of Directors*, 84 Utah 506, 37 P. 2d 339, this action is one at law. Hence, if there is any competent evidence in the record to support the court's findings the judgment should not be disturbed. *Brown* v. *Union Pac. R. Co.*, 76 Utah 475, 290 P. 759; *Jenkins* v. *Stephens*, 64 Utah 307, 231 P. 112. This principle is well stated in *Jensen* v. *Gerrard*, 85 Utah 481, 39 P. 2d 1070, 1072:

"As this is a law action, the question is not whether the evidence would have supported the decision in favor of the appellants, but whether the decision made by the trial court finds support in the evidence. If there is competent credible evidence to support the findings made by the trial court, then those findings should stand."

Furthermore, since the defendants claim the right to use the driveway by prescription, they have the burden of establishing such claim by clear and convincing evidence. *Jensen* v. *Gerrard*, supra; 2 Tiffany on Real Property (2d Ed.) Section 519, page 2046.

The testimony adduced in favor of the defendants was that they have owned their property for some 25 years and that their immediate predecessor in interest owned it

for approximately 5 years; that at the time of purchase they were informed that the driveway was a joint right of way; that plaintiff never gave them permission to use the driveway and they never asked her to allow them to use it; that for many years they improved the driveway by dumping their furnace clinkers upon it, and by putting some sand and gravel upon it; that for several years defendant parked his car upon it when he came home for lunch; that he had traveled 12 rods back on it; that he had used it to bring lumber and bee boxes into his yard; that he brought in fertilizer for his garden via this route; that plaintiff asked him for half the cost of the cement approach to the driveway and that the had given her a check for $37.53 for that purpose; that he had told plaintiff he intended to use the driveway, and she had replied "that is your privilege". Defendant further established that in her depositions plaintiff said that defendant had always used the driveway when he desired and that he had claimed the right to so do just as if plaintiff "didn't have any claim to it at all."

Against this testimony plaintiff's evidence discloses that defendant's predecessor in interest was given permission to use the driveway, as was defendant, and that it was never considered by plaintiff to be a joint right of way; that certain disinterested witnesses had never seen defendant park his car in the driveway or improve it in any manner by putting on clinkers, sand, or any other material; that defendant had used the driveway but rarely, and had never claimed any right to use it until this trouble arose approximately three years before this action; that plaintiff had never asked for any contributions on the cost of the cement approach, but that the check for $37.53 was actually given to plaintiff as rent for or permission to use the driveway; that after defendants established a driveway on the north of their property, they didn't use the driveway in question for several years and never did claim the right to use it adversely to plaintiff until approximately three years prior to the trial; that as soon as defendant's adverse

intentions became known to plaintiff, objection and protest were made ultimately resulting in this action; that plaintiff's father opened the right of way over his own land, and for his own use approximately 50 years ago.

A presumption well established in this state is that where a person opens a way for the use of his own premises, and another person also uses it without causing damage, in the absence of evidence to the contrary, such use by the latter is permissive, and not under a claim of right. *Jensen* v. *Gerrard,* supra; *Savage* v. *Nielsen,* 114 Utah 22, 197 P. 2d 117; *Cache Valley Banking Co.,* v. *Cache County Poultry Growers Ass'n,* 116 Utah 258, 209 P. 2d 251; *Sdrales* v. *Rondos,* 116 Utah 288, 209 P. 2d 562. It was defendant's burden to overcome this presumption and to establish his claim by clear and convincing evidence. *Jensen* v. *Gerrard,* supra. This, in the judgment of the lower court, he failed to do.

The evidence as revealed by the record is conflicting. It is sufficient to support a decision for either party. The trial judge saw and heard all the witnesses and viewed the exhibits. He found that the use by defendant was permissive and not adverse. Since competent evidence in the record supports the court's findings and judgment we may not disturb the latter. See cases supra.

The judgment is affirmed. Costs to respondent.

WOLFE, C. J., and WADE, CROCKETT and HENRIOD, JJ., concur.