293 P.2d 925

Hance A. TAYLOR and Erma G. Taylor, his wife, and Parley P. Taylor, Plaintiffs and Appellants,

v.

WEBER COUNTY, a municipal corporation, Lyman Hess, Arthur Brown, Elmer Carver, J. Pierce Graham, Ellis Griffin and Golden Nielsen, Defendants and Respondents.

No. 8343.

Supreme Court of Utah.

Feb. 27, 1956.

Skeen, Thurman, Worsely & Snow, Harold G. Christensen, Salt Lake City, for appellants.

Maurice Richards, Ogden, for respondents.

WORTHEN, Justice.

Appeal from a judgment for defendants entered upon a verdict in their favor, no cause of action.

The trial court denied plaintiffs' motion for a directed verdict, as to liability, at the close of all the evidence. Plaintiffs assign the court's ruling on their motion, as well as instructions given, and excepted to by plaintiffs and the admission of certain testimony over plaintiffs' objection as error.

The action was brought by plaintiffs, owners of adjoining tracts of land against Weber County, Weber County Commissioners and Weber County Road Supervisor to recover damages for trespass upon

their land and digging and constructing a deep drain ditch across the same. Plaintiffs also sought a permanent injunction against further trespass.

Defendants admitted the entry complained of, but alleged a lawful right existing in them to clean out the drain crossing plaintiffs' ground in order to protect the county road against water impounded by reason of the drain over plaintiffs' land being clogged; that the entry was lawful and pursuant to a right of way existing in the county to run water from the area north of Center Street in Plain City, Utah, through the drain across plaintiffs' land, and to enter upon the land and clean out the drain. Defendants further contended that if the county had no right of way they entered pursuant to directions and authorization from adjoining property owners who had a right of way through the drain in question.

The case was tried to a jury and submitted on both special interrogatories and a general verdict.

The jury found that defendant Weber County had a right of way across the plaintiffs' land for the purpose of draining water through the drain then existing thereon, and for cleaning and maintaining the same, and that Weber County did not enlarge said drain where it passes through the land of plaintiffs to a greater extent than their right of way allowed. The jury returned its general verdict in favor of the defendants and against the plaintiffs, no cause of action.

Plaintiffs presented evidence that the drain was made by the plaintiffs' predecessors in interest in 1913 or 1914 for the purpose of relieving their property of standing water; that the drain across their land had been cleaned by the county several times, but never without permission nor when permission was refused by plaintiffs until the occasion complained of. It also appeared that permission had been given to clean the drain upon condition that the county would tile the same, which was never done.

Defendants' evidence supported their contention that plaintiffs' land was at one time a natural drainage for the land which was being drained at the time the cause of action arose; that plaintiffs had attempted to relieve their land from standing water by channeling the water draining through their land into the drain in question; that since the drain had been constructed, the county many times and whenever cleaning was needed had cleaned out the drain without asking permission to do so; that the county had used its own funds in cleaning the drain and in making improvements on the drain, and that the county had hired and paid plaintiffs and/or their predecessors in interest for work done in cleaning the drain.

This being a law action and the jury having found the issues in favor of the defendants, they are entitled to have us consider all the evidence, and every inference

and intendment fairly arising therefrom in the light most favorable to defendants.[1]

■ The evidence as revealed by the record is conflicting, but was found under the court's instructions to be clear and satisfactory in defendants' favor. The jury saw and heard all the witnesses, viewed the premises and examined the exhibits. Since the evidence amply sustains the verdict we are not disposed to overturn it unless it was rendered under instructions constituting prejudicial error.

In the case of Buckley v. Cox, Utah, 247 P.2d 277, the action was one to quiet plaintiff's title to a driveway on plaintiff's property adjacent to Cox in which defendant claimed a prescriptive right to use the driveway. Chief Justice McDonough speaking for the court said at page 280 of the Pacific Reporter:

"The evidence as revealed by the record is conflicting. It is sufficient to support a decision for either party. The trial judge saw and heard all the witnesses and viewed the exhibits. He found that the use by defendant was permissive and not adverse. Since competent evidence in the record supports the court's findings and judgment we may not disturb the latter."

The trial court instructed the jury in this case that "The defendants must establish such claim by clear and satisfactory evidence, because the law provides that a prescriptive right shall be recognized only when it is so shown to exist, but as to all other allegations the burden of proof is equal."

Plaintiffs allege error in giving instruction No. 3, wherein the trial judge in instructing upon the issues in the case incorporated part of defendants' pre-trial statement as to theories of defense not substantiated by evidence.

■ This court has considered the question of incorporating part or all of the pleadings in the instructions. In the case of Bruner v. McCarthy[2] we held that it may or may not be error to incorporate the pleadings in the instructions. Although it may be error to read an entire complicated, involved pleading when no evidence has been introduced to substantiate portions of it, it is not error to incorporate a short, concise statement of defendants' position as found in the pleadings when there is evidence in the record in support of the allegations made. As was stated in the Bruner case, supra, at page 413 of the Utah Reports and at page 655 of the Pacific Reporter:

"There is nothing inherently erroneous in reading the pleadings in order to present the issues. If they are concise, well drawn and present the is-

1. Toomer's Estate v. Union Pacific R. Co., Utah, 239 P.2d 163; Green v. Equitable Life Assurance Society of the United States, 3 Utah 2d 375, 284 P.2d 695.

2. 105 Utah 399, 142 P.2d 649.

sues sharply where there is evidence material to each issue, it may be that the court could not improve upon them as a method of stating the position of each side."

■ Nor is there anything erroneous in reading part of the pre-trial statement if it meets the tests set out in the Bruner case. The pre-trial statement is brief and concise and there was presented evidence on each issue incorporated in the instructions although more limited on some issues than others. If any error was present in giving this instruction we fail to see that plaintiff was prejudiced thereby.

■ Instruction No. 6 which purported to state the drainage law did not perhaps state the same as fully and completely as might have been desired, but when the other instructions are considered it cannot be said to have prejudiced plaintiffs' case.

■ The other assignments of error deal with instructions and testimony concerning the fact that Weber County entered the land as the agent of other landowners in the vicinity who claimed a valid right of way in the drain. Since the jury answered affirmatively the first special interrogatory and found that Weber County had a right of way, which finding is supported by the evidence, any error committed in either the admission of testimony or in instructions on an agency theory would not be prejudicial to plaintiff.

We are of the opinion that the court properly submitted the case to the jury nor do we perceive that the court erred in giving the instructions complained of by plaintiffs.

Judgment affirmed. Costs to respondents.

McDONOUGH, C. J., and CROCKETT, HENRIOD, and WADE, JJ., concur.