470 P.2d 388

**Seth H. YOUNG, Plaintiff and Respondent,**

v.

**Richard SAUNDERS, Defendant and Appellant.**

No. 11868.

Supreme Court of Utah.

June 9, 1970.

Gordon I. Hyde, Salt Lake City, for appellant.

E. Earl Greenwood, Jay A. Meservy, of Greenwood & Meservy, Salt Lake City, for respondent.

ELLETT, Justice.

This suit involves title to a motor boat. Sam Arge owned a number of corporations, each of which he manipulated as his alter ego. The boat in question was paid for by one of his corporations, to wit, United Motor Club, and was charged to his "draw." Practically everything he bought was paid for by one of the corporate entities and charged to his account. At times he owed his alter egos as much as $75,000 because corporate funds had been used to pay for his private debts. As a result of his dealings, he was hard pressed for money; and in order to obtain some cash, he requested Saunders, the defendant herein, to borrow from a bank the sum of $1500 for the use of UMC Motor Club, another of his corporations. This loan was to be obtained by hypothecating the boat in question, the title of which was in the name of United Motor Club. Saunders refused to obtain the loan unless the boat was placed in his name, and so Arge directed the president of United Motor Club to give a bill of sale transferring title to the boat to the defendant herein. Saunders obtained $1500 by signing a note, giving the boat as security. He agreed to transfer title to the boat back if and when the loan of $1500 was paid by the United Motor Club. The defendant did not take possession of the boat, nor did he perfect his security interest pursuant to Section 70A–9–301, U.C.A. 1953, Replacement Volume 7B.

Arge at the same time owed a large sum of money to Young, the plaintiff herein, who held valuable securities in the form of a solitaire diamond ring and a diamond bracelet. He and Young settled their accounts by complicated arrangements whereby Young in connection with the deal released the jewelry and received some money and a deed to a mountain cabin and in addition got a bill of sale from Arge's son to the boat. Arge directed his son to sign the bill of sale.

Arge sold his interests in his corporations, and ultimately his clubs became bankrupt. The Internal Revenue Service sold the office furniture and fixtures at auction, and as a result all records of the various entities, including all written evidence of the title to the boat, were lost and were not available at trial.

Our statute provides that an unperfected security interest is subordinate to the right of a lien creditor obtained thereafter without knowledge of the unperfected security interest.[1]

The trial court on disputed evidence found among other things that the boat was owned by Arge; that he owned the United Motor Club and the UMC Motor Club and treated them as his alter egos; that Young did not know a transfer of title had been made to Saunders and thought that he was getting good title to the boat when he gave up his interest in the jewelry. Furthermore, Saunders knew that Young and Arge were settling their accounts. He told Young that he, Young, could store the boat at Saunders' place and that he ought to hide it inasmuch as Arge's creditors were looking for it. He did not mention that he himself had title to the boat. A very short time thereafter Arge sold his interest in the two corporations, and Saunders himself became president thereof. It was only after he knew that

Arge was not going to repay him for the loan that he had obtained from the bank that he undertook to assert his invalid lien in the boat by surreptitiously removing the boat from Young's possession.

Based on the findings made, the court awarded the boat to Young, and Saunders has appealed from that judgment. The only assignment of error is that the evidence fails to establish any title in Young. Appellant thinks that title was in United Motor Club and that when Arge's son gave Young a bill of sale, no title passed.

Ordinarily this contention would be correct because a stranger cannot pass title to a chattel which he does not own. However, in this case it must be remembered that the evidence amply supports the proposition that Arge completely dominated the two corporations, and if the boat actually belonged to him, although title was in an alter ego, the title ought to pass by means of a bill of sale issued pursuant to his order. A boat is personal property, and the law as it affects title to realty or to automobiles does not apply.

There is another bit of evidence which bears on the matter of title. In 1966 Arge registered the boat in his name as owner pursuant to Title 73, Chapter 18, U.C.A. 1953, Replacement Volume 7B, known as the State Boating Act. In 1967 his son registered the same boat in his own name

1. Section 70A-9-301, U.C.A.1953, Replacement Volume 7B.

and paid the property taxes thereon. Section 73–18–7(3), U.C.A.1953, Replacement Volume 7B, provides that in case of a transfer of ownership, the new owner must file an application for and receive a new certificate of the number assigned to the boat. While the registration is for the purpose of using the boat, still the law requires it to be made by the *owner*. The fact that Arge's son registered the boat and paid the taxes thereon would indicate that Arge had clothed him with indicia of ownership. Neither of the Arges testified at the hearing, and no written record of the title was presented in evidence. No one other than the parties to this lawsuit is claiming any ownership or interest in the boat in question.

The trial court was warranted under the evidence presented to it in concluding as it did. This court has repeatedly held that findings of a trial court will not be overturned or reversed when there is competent evidence to support them and that the evidence must be viewed in the light most favorable to sustain the holdings of the trial court.[2]

The judgment of the trial court is affirmed, and costs are awarded to the respondent.

CROCKETT, C. J., and CALLISTER and TUCKETT, JJ., concur.

HENRIOD, Justice (dissenting).

I dissent.

The main opinion cannot be supported on elementary substantive and procedural principles, according to what it states is the fact. It says Arge owned the United Motor Club, a corporation. United owned the boat. Saunders borrowed $1500, paid it to Arge and obtained *title* to the boat from United. Saunders agreed to transfer *title* back, *if* United paid back the $1500. United never did pay back $1500 or any other amount. Therefore, Saunders *still* has title to the boat.

The main opinion talks about a finance deal between Young and Arge. This occurred *after* title had been conveyed to Saunders, and has nothing to do with the title. Arge, in the deal with Young, *purported* to transfer title to him. At that time neither Arge nor his ego, United, had any title to transfer,—hence the attempt was abortive and nothing passed.

No chattel mortgage was ever executed or given. Although the opinion talks about Saunders having some sort of a "security" interest in the boat, this is not true. He had *title* to the boat. There simply was an independent promise to reconvey the boat *if* $1500 were paid for it, and there is no recorded chattel mortgage to indicate otherwise.

2. DeVas v. Noble, 13 Utah 2d 133, 369 P.2d 290 (1962); Buckley v. Cox, 122 Utah 151, 247 P.2d 277 (1952).

**288**

The main opinion seems to treat Young as some kind of a bona fide purchaser for value that precludes Saunders, the owner, from asserting his legal title. This is not a negotiable instrument situation. There is nothing in the opinion reflecting any pleading based on an estoppel or defense other than some vague notion that Saunders did not properly protect his "security" interest.

Saunders had title and still has title. The opinion points to no facts or defensive pleading to show that a purported and impotent subsequent transfer by Arge to Young of a title which Arge did not have, somehow operated to divest Saunders of his legal title and shift it to Young.